# United States Court of Appeals
## For the First Circuit

No. 01-1388

UNITED STATES,

Appellee,

v.

ENRIQUE MELENDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lynch, Circuit Judge.

Jane Elizabeth Lee on brief for appellant.
    Paula D. Silsby, United States Attorney, and Margaret D.
McGaughey, Appellate Chief, on brief for appellee.

February 1, 2002

**Per Curiam**. Enrique Melendez appeals from his sentence, claiming violation of Fed.R.Crim.P. 32(c) and his due process right to be sentenced on the basis of accurate information. He faults the sentencing court for failing to: 1) recommend him for participation in a Bureau of Prisons (BOP) drug treatment program, and 2) make an unambiguous finding with regard to alleged factual inaccuracies in his presentence report ("PSR").

With respect to the first argument, we lack jurisdiction to review the sentencing court's failure to recommend to the BOP that it admit Melendez to a drug treatment program.[1] "Decisions to place a convicted defendant within a particular treatment program or a particular facility are decisions within the sole discretion of the Bureau of Prisons." Thye v. United States, 109 F.3d 127, 130 (2d Cir. 1997) (citation and internal quotation marks omitted). A sentencing court's non-binding recommendation to the BOP is not a reviewable order. United States v. Serafini, 233 F.3d 758, 778 (3d Cir. 2000); United States v. De La Pena-Juarez, 214 F.3d 594, 601 (5th Cir.), cert. denied, 531 U.S. 983 (2000); United States v. Pineyro,

_____

[1] We note that, by federal statute, the BOP is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b).

112 F.3d 43, 45-46 (2d Cir. 1997). By like token, the omission of such a recommendation is a non-appealable event.

With respect to the second argument, we conclude that the lower court adequately complied with Rule 32(c) and that it was not required to delete the controverted portions of the PSR. We explain briefly.

Melendez's objection to paragraph 8 of the PSR was not an objection to the factual accuracy of the information contained therein but to its inclusion in the report. In other words, Melendez did not dispute the truth of the statements about weapon possession by co-defendant Amado Lopez, but objected to any mention of those facts in the PSR on the ground that the facts did not pertain to Melendez. We agree with the Ninth Circuit that because this objection "went to the inclusion of the statements . . . not to their factual accuracy, . . . the district court was not required by Rule 32(c)(3)(D) to respond to [it] at sentencing." United States v. Turner, 898 F.2d 705, 710 (9th Cir. 1990). We note, moreover, that, at the disposition hearing, the court did indicate its clear understanding that the PSR failed to show "that any of that conduct with respect to those firearms involved this defendant." Melendez expressed his satisfaction with that understanding when the court

articulated it, and agreed to withdraw his objection to paragraph 8 of the PSR at that juncture. Thus, the assignment of error anent paragraph 8 of the PSR is doubly flawed.

The defendant also objects to the reference to his ostensible weapon possession in paragraph 13 of the PSR. In that instance, too, the court satisfied the requirements of Rule 32(c). We have held that "[a] court may make implicit findings on disputed factual questions by accepting the government's recommendations at the sentencing hearing." United States v. Cruz, 981 F.2d 613, 619 (1st Cir. 1992) (citations omitted); accord United States v. Grant, 114 F.3d 323, 327 (1st Cir. 1997); United States v. Ovalle-Marquez, 36 F.3d 212, 227 (1st Cir. 1994). Here, the court, at the very least, made an implicit finding that Melendez did not possess a weapon in connection with the offense of conviction. After all, the government recommended that the court not make a two-level increase to the base offense level under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon, and the court accepted that recommendation. To cinch matters, the court's explicit finding that the government could not meet its burden of proof with respect to that enhancement constitutes a finding

-4-

sufficient to resolve the contested matter in conformance with Rule 32(c).

The defendant argues that the court nonetheless was required to delete the original reference from the PSR. We do not agree. Once the court complied with Rule 32(c) by resolving the matter of Melendez's weapon possession in his favor, no more was exigible. "Neither due process nor Rule 32 requires a district court judge to be an editor as well as an arbiter of justice." Turner, 898 F.2d at 710.

Finally, the defendant argues that the sentencing court's decision to deny him a recommendation for treatment somehow "attests to the veracity of the [contested] statements in the [PSR]." Appellant's Br. at 34. Implicit in that argument is the unfounded assumption that conviction for an offense involving weapon possession precludes the defendant, qua inmate, from participating in drug treatment programs. The relevant statute contains no such prohibition, and Melendez points to no other authority to support his assumption.[2]

---

[2] BOP regulations provide that inmates convicted of a felony offense that involved the carrying, possession or use of a firearm are not eligible for sentence reduction under 18 U.S.C. § 3621(e). See 28 CFR § 550.58. But Melendez never asked the court to recommend that he be granted early release following completion of a drug treatment program. The court's declination to recommend participation in a drug treatment program implies

We need go no further.  For aught that appears, the defendant was lawfully sentenced.  The judgment below is, therefore, affirmed. See Loc. R. 27(c).

_____

nothing about Melendez's eligibility for early release following completion of such a program.