United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 25, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 03-30553
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN K. SULLIVAN,

Defendant-

Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-60049-1
--------------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:[*]

Marvin K. Sullivan pleaded guilty to making and subscribing a false tax return in violation of

26 U.S.C. § 7206(1). Sullivan challenges modifications to the Bureau of Prisons policy of placing

offenders who have received sentences of imprisonment in community confinement centers and he

also argues that the district court erred when it failed to grant him a downward departure pursuant

to U.S.S.G. § 5K2.0.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sullivan's challenge to the Bureau of Prisons policy was dismissed by this court's previous order issued in this litigation on November 5, 2003. See, e.g., United States v. Melendez, 279 F.3d 16, 18 (1st Cir. 2002) (a sentencing court's non-binding recommendation to the Bureau of Prisons is not reviewable, and the omission of such a recommendation is also a non-appealable event).

This court has jurisdiction to hear Sullivan's appeal of the district court's denial of a downward departure only if the refusal to depart was premised upon a mistaken conclusion that the guidelines do not permit such a departure, but we lack jurisdiction if the refusal was premised on a determination that a departure was not warranted under the facts of the case. United States v. Lugman, 130 F.3d 113, 115 (5th Cir. 1997). The record reflects considerable analysis by the district court of whether the circumstances of this case were such that a downward departure was warranted. As the court did not misapprehend its authority under the Sentencing Guidelines, we lack jurisdiction to hear this appeal. Id.; see also United States v. Johnston, 127 F.3d 380, 404 (5th Cir. 1997) (the district court's statement that it was obligated by law to sentence the defendant within a particular guideline range did not indicate mistaken belief that it lacked authority to depart downward).

Accordingly, Sullivan's appeal is DISMISSED. The Government's motion for leave to file supplemental brief is DENIED as moot.