**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.  CC-13-1344-DKiTa |
| ) | |
| STEPHEN LAW, ) | Bk. No.  04-10052-TD |
| ) | |
| Debtor. ) | |
| _____ ) | |
| STEPHEN LAW, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| ALFRED H. SIEGEL, Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Submitted on the Briefs
on June 26, 2014

Filed - July 29, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Thomas B. Donovan, Bankruptcy Judge, Presiding

Appearances:     Appellant Stephen Law pro se on brief; Steven T. Gubner and Jessica L. Bagdanov of Ezra Brutzkus Gubner LLP on brief for Appellee Alfred H. Siegel, chapter 7 trustee.

Before: DUNN, KIRSCHER and TAYLOR, Bankruptcy Judges.

____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

The pro se debtor, Stephen Law ("Debtor"), following a well-traveled path, comes before us once more, this time appealing the bankruptcy court's order allowing and authorizing pro rata payment of the chapter 7 trustee's ("Trustee") professionals' fees pursuant to the Trustee's amended final report.[2]  What the Debtor really wants is his $75,000 homestead exemption that the Supreme Court held could not be surcharged to pay administrative expenses in bankruptcy consistent with the provisions of the Bankruptcy Code.  As the bankruptcy court advised the Debtor at the time the matter before us was considered, if the Supreme Court so held, the issue of the Debtor's entitlement to homestead exemption funds would be resolved in separate further proceedings before the bankruptcy court, not in the instant proceeding.  For the reasons set forth below, we AFFIRM.

## FACTS

The Debtor filed his chapter 7 bankruptcy petition over ten years ago, on January 5, 2004.  Alfred H. Siegel has been the Trustee since the inception of the Debtor's bankruptcy case.  The case has had a long and convoluted history that included the Debtor's numerous appeals of many of the bankruptcy court's rulings concerning his former residence in Hacienda Heights, California ("Property").

---

[2] Unless otherwise indicated, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  All "Local Rule" references are to the Local Bankruptcy Rules of the U.S. Bankruptcy Court for the Central District of California.

2

As we noted in one of our prior decisions, "The history [of this bankruptcy case] reflects that [the Debtor] has opposed the Trustee's administration of the bankruptcy estate at every step." Law v. Siegel (In re Law), 2012 WL 603773 at *1 (9th Cir. BAP 2012)("In re Law"). This appeal is but another instance of the Debtor's opposition to the Trustee's administration of the estate.

We have taken many of our facts from our prior disposition in In re Law. That decision addressed the Debtor's appeal of the bankruptcy court's previous order ("Original Fee Order") approving the Trustee Final Report ("Original Final Report") and allowing and authorizing payment of the fees of the Trustee and his professionals: his accountants, Grobstein Horwath & Co. LLP ("Trustee Accountant"), and his attorneys, Ezra Brutzkus Gubner LLP ("Trustee Attorney").

In In re Law, we vacated and remanded the bankruptcy court's Original Fee Order with respect to the Trustee's fees only. But we affirmed the bankruptcy court's Original Fee Order with respect to the fees awarded to the Trustee Attorney and the Trustee Accountant. We describe our prior disposition in more detail below, relating only those facts relevant to this appeal.

A.    Overview of the Debtor's Bankruptcy Case

The numerous disputes between the Debtor and the Trustee have revolved around the Property and the proceeds from its sale. See id. at *1. The Debtor scheduled the Property's value at approximately $363,000 as of the petition date. He also scheduled two liens against the Property: a first trust deed lien in favor of Washington Mutual Bank and a second trust deed lien

3

in favor of Lin's Mortgage & Associates ("Lin Lien"). The Debtor claimed a $75,000 homestead exemption in the Property, to which the Trustee did not object.

Based on his exemption claim and the liens against the Property, the Debtor contended that the Property had no value to the bankruptcy estate. The bankruptcy court nonetheless ordered the Debtor to turn over the Property to the Trustee and authorized the Trustee to sell it. The Trustee ultimately sold the Property for $680,000 ("Sale Proceeds").

As part of his efforts to sell the Property, the Trustee initiated an adversary proceeding alleging that the Lin Lien was fraudulent. After highly contentious and lengthy litigation, including several appeals, the bankruptcy court determined that the loan underlying the Lin Lien was "a fiction, meant to preserve Debtor's equity in his residence beyond what he was entitled to exempt as a homeowner, and a fraud on his creditors and the court." In re Law, 401 B.R. 447, 453 (Bankr. C.D. Cal. 2009).[3]

The Trustee incurred more than $500,000 in attorney's fees to overcome the Debtor's fraud regarding the purported Lin Lien. To help defray the Trustee's attorney's fees, the bankruptcy court granted the Trustee's motion to surcharge the entirety of the Debtor's homestead exemption ("Surcharge Order").

---

[3] The Supreme Court ultimately determined that the Debtor's homestead exemption could not be surcharged for his fraud. Law v. Siegel, 134 S. Ct. 1188 (2014). However, the Supreme Court did not disturb the bankruptcy court's fact finding that the Lin Lien was fraudulent. Id.

4

The Debtor appealed the Surcharge Order, and this Panel and the Ninth Circuit affirmed. In re Law, 2009 WL 7751415 (9th Cir. BAP 2009), aff'd, 435 F. App'x. 697 (9th Cir. 2011). However, in Law v. Siegel, 134 S. Ct. 1188, 1198 (2014), the Supreme Court reversed.

The Supreme Court reasoned that, although a bankruptcy court has statutory and inherent authority to issue any order to carry out the Bankruptcy Code's provisions and to sanction abusive litigation practices, it cannot take any action expressly prohibited by or otherwise in contravention of the provisions of the Bankruptcy Code. Id. at 1194-97. The Supreme Court found that the bankruptcy court exceeded its authority in surcharging the Debtor's homestead exemption because such surcharge contravened a specific provision of the Bankruptcy Code: § 522(k).[4] Id. at 1194. It reversed the ruling of the Ninth Circuit Court of Appeals and remanded the matter for further proceedings consistent with its opinion. Id. at 1198.

On April 23, 2014, the Ninth Circuit entered an order vacating its ruling. It also reversed this Panel's and the bankruptcy court's decisions and remanded with instructions to the bankruptcy court to conduct further proceedings consistent with the Supreme Court's ruling.

B.    Trustee's Final Report

Meanwhile, on October 20, 2009, the Trustee had filed and served notice of his intent to file his Final Report and Account,

---

[4] Section 522(k) provides in relevant part: "Property that the Debtor exempts under this section is not liable for payment of any administrative expense . . . ."

advising professionals to file their applications for compensation ("Fee Applications"). Accordingly, the Trustee Attorney filed its final fee application ("Final Attorney Fee Application")(docket no. 379) on November 11, 2009. The Trustee Accountant filed its first and final fee application ("Accountant Fee Application")(docket no. 388) on March 22, 2010.

Before filing the Final Attorney Fee Application, the Trustee Attorney had filed its first interim fee application on March 10, 2008 ("First Attorney Fee Application")(docket no. 247). In its First Attorney Fee Application, the Trustee Attorney sought $683,592 in total fees and $38,532.19 in total expenses for services rendered from April 21, 2004 through January 31, 2008.

The Debtor opposed the First Attorney Fee Application. After a hearing on April 3, 2008, the bankruptcy court overruled the Debtor's opposition and granted the First Attorney Fee Application. It entered an order on April 22, 2008 ("Interim Fee Order")(docket no. 261), allowing the Trustee Attorney $211,467.81 in interim fees and $38,532.19 in costs, for a total of $250,000. The bankruptcy court also authorized the Trustee to disburse $250,000 to the Trustee Attorney from funds on hand at that time.

In the Final Attorney Fee Application, the Trustee Attorney referenced its prior request for fees and costs. It disclosed that it had been paid $211,467.81 in fees and all of its costs pursuant to the First Attorney Fee Application, leaving a balance of $472,124.19 in unpaid interim fees.

The Trustee Attorney reported in its Final Attorney Fee

6

Application that it incurred additional fees of $263,410.50 and additional expenses of $15,327.04 since its First Attorney Fee Application. But, it acknowledged that the bankruptcy estate was administratively insolvent.

The Trustee Attorney therefore sought approval and payment of its additional expenses of $15,327.04 and the balance of its fees from its First Attorney Fee Application only. That is, it sought final approval of the fees and costs set forth in its First Attorney Fee Application and its additional costs set forth in the Final Attorney Fee Application. The Trustee Attorney requested that the Trustee be authorized to pay its allowed fees on a pro rata basis from available funds.

The Trustee Accountant had made no prior request for fees and costs. It sought in the Accountant Fee Application a total of $8,569 in fees for services rendered from March 16, 2006 through December 7, 2008. The Trustee Accountant did not seek reimbursement of any costs.

The Debtor did not oppose the Final Attorney Fee Application. However, he opposed the Accountant Fee Application ("Accountant Fee Opposition")(docket no. 388) on the grounds that it violated Local Rule 2016(a)(2) because the Trustee Accountant failed to: 1) set a hearing on the Accountant Fee Application; 2) provide 45 days notice of the date and time of the hearing; 3) include in a notice of hearing the specific language set forth in Local Rule 2016(a)(2); and 4) serve the United States Trustee, 20 largest unsecured creditors and other parties in interest, as provided for in Local Rule 2016(a)(2).

The Debtor also challenged the amount of fees incurred by

7

the Trustee Accountant, claiming that its fees were unreasonably high. He argued that the Trustee Accountant overcharged for preparing the bankruptcy estate's tax returns. He also contended that the Trustee Accountant should not have charged so much for its services, given that it only needed to safeguard the Sale Proceeds.

The Debtor moreover claimed he had never seen any of the bankruptcy estate's tax returns. He further contended that the Bankruptcy Code did not require the bankruptcy estate to file any tax returns.

On September 14, 2010, the Trustee filed the Trustee's Final Report ("Original Final Report")(docket no. 389). As part of his Original Final Report, the Trustee sought $25,298.45 in fees under §§ 326(a) and 330(a) for his services in administering the Debtor's estate.

Concurrently with the Original Final Report, the Trustee filed the Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object ("Original Notice")(docket no. 390). The Trustee served the Original Notice on the Debtor.

The Original Notice contained a summary ("Original Summary") of the Original Final Report and of the fee applications filed by the Trustee's professionals. The Original Summary disclosed that the Trustee sought $25,298.45 in fees but no expenses. The Original Summary identified the Trustee Attorney and the Trustee Accountant as the only professionals applying for fees and expenses.

The Debtor opposed the Original Final Report and the Fee Applications ("First Opposition")(docket no. 392). He argued

8

that the Trustee's fees were unreasonable because the Trustee appeared in court "two or three times" only. He further claimed that the Trustee's fees exceeded the statutory maximum allowed under § 326(a) because, by his reckoning, the Trustee only collected $500,000 on the bankruptcy estate's behalf, not $1 million plus in gross receipts. The Debtor also alleged that the Trustee gave inadequate notice of the Original Final Report and the Fee Applications because the Trustee should have served the entire Original Final Report and the Fee Applications on all creditors and interested parties, including himself. However, the Debtor admitted that he received the Original Notice.

The Debtor moreover argued that the bankruptcy court lacked authority to make any determination on the Original Final Report, the Accountant Fee Application and the Final Attorney Fee Application until his appeal of the Surcharge Order was resolved.

The Debtor also contested payment of the Trustee's fees and the Trustee Attorney's fees, arguing that neither he nor the unsecured creditors obtained any benefit from the bankruptcy case, though the Trustee and Trustee Attorney did by getting their fees. He raised no other arguments against the Trustee Attorney's fees. The Debtor also challenged the Trustee Accountant's fees, repeating the same arguments he made in his Accountant Fee Opposition.

The bankruptcy court held a hearing on the First Opposition on November 3, 2010 ("First Opposition Hearing"). It rejected the Debtor's claims. The bankruptcy court specifically rejected the Debtor's complaint that he did not receive copies of the Original Final Report and the Fee Applications. In so ruling, it

9

relied on the Debtor's admission that he had received the Original Notice. The bankruptcy court further noted that the Debtor was aware that the Original Final Report and the Fee Applications were available online or upon request from the Trustee.

The bankruptcy court moreover rejected the Debtor's contention that it should refrain from ruling on the Original Final Report and the Fee Applications until all of his appeals had been fully resolved. It pointed out that it did not need to wait for all of the Debtor's appeals to run their course because the Debtor had not obtained any stays pending appeal.

The bankruptcy court did not make any express findings concerning the Trustee's fee request. However, with respect to the fees requested by the Trustee Attorney, the bankruptcy court noted that

> [The Trustee Attorney] filed a complete application for fees for all the work that had been done, none of which had been paid for up to that point, as [the bankruptcy court] recall[ed]. The fees were quite substantial. They were well over half a million dollars. There was about a half a million dollars in the estate at that time, and the decision that I came to at that time was to allow all the fees because I found them to be reasonable and appropriate under the circumstances of this case, and I further allowed that [the Trustee Attorney] be paid at that time $250,000.
> There were other things that happened in that period about two years ago. All of those things were done on an interim basis, and now we're at the final stage of this case where the Trustee has determined, but it doesn't alter the decision [the bankruptcy court] made two years ago that the total fees incurred were appropriate on the part of [the Trustee Attorney].
> [Moreover], there is no evidence before [the bankruptcy court] today to allow [it] to revisit the decision [it] made two years ago. So the fees stand as approved, and [the Debtor's] objection must be overruled for that reason.

Tr. of Nov. 3, 2010 hr'g, 4:24-25, 5:1-21.

10

The bankruptcy court further noted that

> [i]n the applications that are pending before [it] today, [the Trustee Attorney had] said that [it] was not seeking any additional compensation over the compensation that was allowed to [it] two years ago by [the bankruptcy court's] order. That's simply a reflection of the fact that there is no money in this estate sufficient to cover all the time and expenses that [the Trustee Attorney's] firm has gone through in dealing with [the Debtor's] allegations, your claims, your bankruptcy case.
>
> . . .
>
> So there really is nothing more in this estate for the Trustee to administer, and his election to treat this case as fully administered would seem to be correct and appropriate. Nobody's going to make any money on this case, certainly not [the Trustee Attorney]. [The Trustee Attorney] has done this out of a sense of loyalty to [its client, i.e., the Trustee], out of [its] professional obligations to the [bankruptcy court], and [it is] – whatever money [the Trustee Attorney] receive[s] in this case would seem to be grossly inadequate for all the work that [the Trustee Attorney has] gone through.

Tr. of Nov. 3, 2010 hr'g, 13:13-25, 14:1-13.

Accordingly, the bankruptcy court overruled the Debtor's First Opposition and approved the Original Final Report and granted the Fee Applications. It entered an order ("Original Fee Order")(docket no. 393) on November 19, 2010, allowing the fees of the Trustee and his professionals.

The Original Fee Order allowed fees and expenses in amounts greater than those set forth in the Original Notice, as 1) the Original Notice only referenced those amounts that the Trustee anticipated actually distributing to the professionals, and 2) the bankruptcy estate had insufficient funds to pay any more to the professionals beyond the amounts noticed.

Specifically, with respect to the Trustee Attorney's fees, the bankruptcy court allowed a total of $683,592 in fees and $68,623.47 in expenses. The Trustee Attorney had been paid

11

$211,467.81 in fees to date, leaving a $472,124.19 balance.

On June 30, 2011, the Trustee filed his final account and distribution report ("Final Account")(docket no. 404), which showed that the Trustee Attorney received a total of $317,959.56 in fees ($106,491.75 plus $211,467.81 previously paid on account of the First Attorney Fee Application) and $38,532.19 in expense reimbursements. The amounts generally were consistent with those set forth in the Original Notice. In re Law, 2012 WL 603773 at *3 n.6. The Final Account further showed that the Trustee was entitled to receive a total of $54,394.92 in fees only. (The Trustee did not seek reimbursement of any expenses.)

C.    Appeal of the Original Fee Order

Several months before the Trustee filed the Final Account, the Debtor appealed the Original Fee Order, challenging the Trustee's fees on the ground of reasonableness under § 330(a).

On appeal, we determined that the Trustee did not bear his burden of establishing that his requested fees were reasonable under § 330(a) because he failed to submit a fee application complying with the requirements of Local Rule 2016. Local Rule 2016 required the Trustee to file an application setting forth a detailed statement of the services rendered, time expended and expenses incurred and the amounts requested.

We pointed out that the Trustee merely provided in the Original Final Report a narrative summary of the entire case history. We determined that the Trustee's narrative summary neither identified his services nor gave any indication of the amount of time he spent undertaking those services. We thus concluded that the Trustee's Original Final Report was

12

insufficient to satisfy Local Rule 2016.

We noted that the bankruptcy court made no findings as to the reasonableness of the Trustee's requested fees. We moreover determined that the record was insufficient for us to state that it afforded us "with a complete understanding of the basis for the [bankruptcy] court's ruling on the Trustee's fee request." In re Law, 2012 WL 603773 at *8. We therefore concluded that the bankruptcy court erred in allowing the Trustee's fees.[5]

The Debtor also contested the Trustee Attorney's fees. He argued that, at the First Opposition Hearing, the Trustee Attorney made false statements regarding the amount of fees allowed on account of its First Attorney Fee Application. He contended that, because it made these false statements, the Trustee Attorney's fees should not have been allowed.

Reviewing the record, we determined that "it [was] far from clear that there was anything false or misleading about the [Trustee Attorney's] statements . . . made at the [First Opposition Hearing]." In re Law, 2012 WL 603773 at *8. It was the bankruptcy court that recollected that the Trustee Attorney sought more than half a million dollars in fees in its First Attorney Fee Application. We noted that the bankruptcy court also stated that it allowed the fees because it "found them to be

---

[5] The Debtor also raised the argument that the bankruptcy court erred in approving the Final Report and granting the fee applications before all of his pending appeals had been resolved. We determined that we could give the Debtor no meaningful relief given that his position on appeal "hinge[d] on his prevailing in two prior appeals that the Court of Appeals [had] decided against him." In re Law, 2012 WL 603773 at *8.

13

reasonable and appropriate," though it authorized the Trustee to pay the Trustee Attorney only $250,000 in fees and expenses due to the amount available in the bankruptcy estate.

We construed the Debtor's argument as a challenge to the bankruptcy court's recollection. But we concluded that, even if we agreed with the Debtor that the bankruptcy court's recollection was erroneous, the Debtor simply "pointed us to what is, at most, harmless error." Id. We noted that, without relying on its prior ruling on the First Attorney Fee Application, the bankruptcy court found reasonable the total amount of fees to be paid to the Trustee Attorney for the services it rendered throughout the entire bankruptcy case. Id.

We moreover pointed out that the Debtor did not argue on appeal that the bankruptcy court erred when it determined the fees of the Trustee Attorney were reasonable. We thus concluded that the Debtor waived that argument.

In the end, we vacated and remanded that part of the Original Fee Order allowing the Trustee's fees but affirmed the remainder of the Original Fee Order ("Remand Order").

The Debtor appealed the Remand Order to the Ninth Circuit Court of Appeals ("Remand Appeal"). It dismissed the Debtor's Remand Appeal for lack of jurisdiction, as the Remand Order was not final or appealable.

D. Trustee's Amended Final Report

In response to the Remand Order, the Trustee filed an amended Trustee's Final Report ("Amended Final Report")(docket no. 416) on June 10, 2013. He filed the Amended Final Report because he had additional funds to distribute once he decided to

14

forgo seeking an award of fees for himself. Tr. of July 18, 2013 hr'g, 4:17-21.

The Trustee also filed the Notice of Amended Trustee's Final Report and Applications for Compensation and Deadline to Object ("Amended Notice")(docket no. 417). He served the Amended Notice on the Debtor (docket no. 418).

The Amended Notice contained a summary ("Amended Summary") showing receipts of $981,643.19 and approved disbursements of $956,380.97, which left a balance of $25,262.22. The Amended Notice did not include a fee request from the Trustee. The Amended Notice indicated that a total of $25,262.22 was available to pay chapter 7 administrative expenses.

The Trustee Accountant sought a total of $8,569 in fees and disclosed that it already had received an interim payment of $3,985.70. The Trustee proposed that the Trustee Accountant be paid $312.75. The Trustee Attorney sought a total of $683,592 in fees and disclosed that it already had received interim payments totaling $317,959.56. The Trustee proposed that the Trustee Attorney be paid $24,949.47.

The Debtor did not file a written opposition to the Amended Final Report. Instead, he appeared at the July 18, 2013 hearing on the Amended Final Report.

At the hearing, the Debtor referenced Local Rule 2016(a)(2), which he construed as requiring the Trustee to schedule a hearing on fee applications "at least within 120 days apart." Tr. of July 18, 2013 hr'g, 3:18. He argued that the Trustee violated Local Rule 2016(a)(2) by setting the hearing only 35 days out from the date on which he served the Amended Notice. He also

15

alleged that the Trustee Attorney had failed to serve its fee application on him. The Debtor urged the bankruptcy court to "deny" the Amended Final Report until the Supreme Court issued a final ruling regarding the Surcharge Order.

At the hearing, the bankruptcy court pointed out that, contrary to the Debtor's assertion, the Amended Final Report had been timely served on the Debtor. Tr. of July 18, 2013 hr'g, 11:20-22. It further pointed out that the Debtor failed to submit a timely opposition pursuant to local bankruptcy court procedures. Tr. of July 18, 2013 hr'g, 6:20-21, 11:23-24.

The bankruptcy court acknowledged that if the Debtor prevailed before the Supreme Court, he would be entitled to more than $25,000. Tr. of July 18, 2013 hr'g, 6:8-10. It also acknowledged that parties who had received distributions of bankruptcy estate funds might have to disgorge funds. Tr. of July 18, 2013 hr'g, 6:12-14. It noted that if the Debtor prevailed before the Supreme Court, the bankruptcy court itself would address the issue of disgorgement. Tr. of July 18, 2013 hr'g, 6:8-12. However, the bankruptcy court stressed that the Debtor did not obtain a stay barring the Trustee's proposed distribution of the remaining funds to the Trustee Attorney to pay its already approved fees. Tr. of July 18, 2013 hr'g, 6:17-19, 12:2. Because the Debtor did not obtain a stay, there was "nothing to establish that [the Debtor was] entitled to anything." Tr. of July 18, 2013 hr'g, 6:15-16.

The bankruptcy court therefore approved the Amended Final Report. It entered its order on the Amended Final Report ("Amended Fee Order") on August 15, 2013.

16

The Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157. We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

(1) Does the Debtor have standing to challenge the Trustee Attorney's fees at the end of an insolvent chapter 7 case?

(2) Did the bankruptcy court abuse its discretion in approving the Amended Final Report?

## STANDARDS OF REVIEW

We are required sua sponte to examine jurisdictional issues, including standing. Bernhardt v. Cnty. of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002)("[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing.") (quoting B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999)). "Standing is an issue of law which we review de novo." Palmdale Hills Prop., LLC v. Lehman Commercial Paper, Inc. (In re Palmdale Hills Prop., LLC), 654 F.3d 868, 872 (9th Cir. 2011).

We will not disturb a bankruptcy court's award of attorneys' fees on appeal "absent an abuse of discretion or an erroneous application of the law." In re Nucorp Energy, Inc., 764 F.2d 655, 657 (9th Cir. 1985). We apply a two-part test to determine objectively whether the bankruptcy court abused its discretion. United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir.

17

2009)(en banc). First, we "determine de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested." Id. Second, we examine the bankruptcy court's factual findings under the clearly erroneous standard. Id. at 1252 & n.20. A bankruptcy court abuses its discretion if it applied the wrong legal standard or its factual findings were illogical, implausible or without support in the record. Trafficschool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

We do not disturb a bankruptcy court's factual findings made in the course of awarding fees unless they are clearly erroneous. See Friedman Enters. v. B.U.M. Int'l, Inc. (In re B.U.M. Int'l, Inc.), 229 F.3d 824, 830 (9th Cir. 2000). Factual findings are clearly erroneous if they are "illogical, implausible or without support in the record." Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010)(citing Hinkson, 585 F.3d at 1261-62 & n.21).

We may affirm on any basis supported by the record. Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

**DISCUSSION**

A. Standing

As mentioned earlier, we must address the issue of the Debtor's standing to appeal, even though neither the Debtor nor Trustee has raised it. See Bernhardt, 279 F.3d at 868. To have standing to appeal, the Debtor must be a "person aggrieved" by the order appealed. Id. at 874. A "person aggrieved" is one who is "directly and adversely affected pecuniarily by an order of

18

the bankruptcy court." Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983). "[A] hopelessly insolvent Debtor does not have standing to appeal orders affecting the size of the estate" because such orders "would not diminish the Debtor's property, increase his burdens, or detrimentally affect his rights." Id.

"Accordingly, '[u]nless the estate is solvent and the excess will eventually go to the Debtor, or unless the matter involves rights unique to the Debtor, the Debtor is not a party aggrieved by orders affecting the administration of the bankruptcy estate.'" C.W. Mining Co. v. Aquila, Inc. (In re C.W. Mining Co.), 636 F.3d 1257, 1260 (10th Cir. 2011)(quoting In re Weston, 18 F.3d 860, 863-64 (10th Cir. 1994)). In other words, a Debtor ordinarily "cannot challenge a bankruptcy court's order unless there is likely to be a surplus after bankruptcy." Duckor Spralding & Metzger v. Baum Trust (In re P.R.T.C., Inc.), 177 F.3d 774, 778 n.2 (9th Cir. 1999)(citing Fondiller, 707 F.2d at 442)).

In this instance, now that the Supreme Court has issued a ruling in the Debtor's favor on the Surcharge Order, we cannot conclude that the Debtor has no standing to contest further administration of his bankruptcy estate. He does have a financial stake in the administration of his estate until his allowed $75,000 homestead exemption claim is paid even though his bankruptcy estate clearly is insolvent. Accordingly, we conclude that the Debtor has standing in this appeal.

B.   Approval of the Amended Final Report

The Debtor advances various arguments challenging the

19

Amended Fee Order. But the essence of the Debtor's arguments is this: He is seeking payment of his homestead exemption now that the Supreme Court has ruled that it cannot be surcharged. We address each of the Debtor's arguments, but ultimately determine that this appeal is not the appropriate vehicle to pursue his right to payment.

### 1. Compliance with Service Requirements

The Debtor repeats here an argument he made in his appeal of the Original Fee Order: the Trustee Attorney failed to serve him with the Final Attorney Fee Application as required under Local Rule 2016-1(a)(2). However, he misreads the Local Rule.

Local Rule 2016-1(a)(2) does not apply to final fee applications but to interim fee applications only.[6] Local Rule

---

[6] Local Rule 2016 provides in relevant part:

(a) Interim Fee Applications.
. . .
   (2) Notice of Interim Fee Application and Hearing.
      (A) In all cases where the employment of more than one professional person has been authorized by the court, a professional person who files an application for interim fees must give other professional persons employed in the case not less than 45 days notice of the date and time of the hearing. The notice of the hearing must further state:

> "Other professional persons retained pursuant to court approval may also seek approval of interim fees at this hearing, provided that they file and serve their applications in a timely manner. Unless otherwise ordered by the court, hearings on interim fee applications will not be scheduled less than 120 days apart."

continue...

2016-1(c) actually pertains to final fee applications. But it does not say what the Debtor claims it does.

Local Rule 2016-1(c) provides, in relevant part:

c) <u>Final Fee Application</u>.

> (1) <u>Who Must File</u>. The trustee, if any, and each professional person employed in the case must file a final fee application.
> (2) <u>Contents</u>. An application for allowance and payment of final fees and expenses must contain the information required of an interim fee application under LBR 2016-1(a)(1).
> . . .

---

[6]...continue
> (B) Applicant must serve not less than 21 days notice of the hearing on the Debtor or Debtor in possession, the trustee (if any), the creditors' committee or the 20 largest unsecured creditors if no committee has been appointed, any other committee appointed in the case, counsel for any of the foregoing, the United States trustee, and any other party in interest entitled to notice under FRBP 2002. The notice must identify the professional person requesting fees, the period covered by the interim application, the specific amounts requested for fees and reimbursement of expenses, the date, time and place of the hearing, and the deadline for filing and serving a written opposition.
> (C) In addition to the notice, a copy of the application, together with all supporting documents, must be served on the Debtor or the Debtor in possession, the trustee (if any), any committee appointed in the case, counsel for any of the foregoing, and the United States trustee. A copy of the complete application must also be promptly furnished upon specific request to any other party in interest.
> (3) <u>Objections</u>. Any opposition or other responsive document by the United States trustee or any other party in interest must be served and filed at least 14 days prior to the hearing in the form required by LBR 9013-1(f).

(4) <u>When Filed; Notice Required in Chapter 7 Cases</u>.
(A) A chapter 7 trustee must give at least 30 days written notice of intent to file a final report and account to the attorney for the Debtor, the trustee's attorney and accountant, if any, and any other entity entitled to claim payment payable as an administrative expense of the estate.
(B) A professional person seeking compensation must file and serve an application for allowance and payment of final fees and expenses on the trustee within 21 days of the date of the mailing of the trustee's notice. The failure to timely file an application may be deemed a waiver of compensation.
(C) All final fee applications by professional persons must be set for hearing with the chapter 7 trustee's final application for allowance and payment of fees and expenses. Notice of a final fee application must be given by the chapter 7 trustee as part of the notice of the hearing on the trustee's request for compensation. A separate notice by the applicant is not required.
(5) <u>Objections</u>. Any opposition or other responsive document by the United States trustee or other party in interest must be served and filed at least 14 days prior to the hearing in the form required by LBR 9013-1(f).

Nothing in the language of Local Rule 2016-1(c) required the Trustee Attorney to serve the Debtor with a copy of the Final Attorney Fee Application. As we noted in our prior disposition concerning the Original Fee Order, we were "not aware of any rule requiring the trustee or his professionals to serve their full final fee applications on the Debtor in a chapter 7 case." <u>In re Law</u>, 2012 WL 603773 at *5. Based on our review of the Local Rules, the Debtor's argument is without merit.

2. <u>Compliance with Prior Panel Orders</u>[7]

---

[7] The Debtor challenges the Trustee's fees again in this appeal. He argues that the Trustee failed to meet the requirements we set forth in our prior disposition. He further

continue...

22

The Debtor references two of our prior dispositions, one issued on December 29, 2006, in Lin v. Siegel (In re Law), 2006 WL 6810960 (9th Cir. BAP 2006)(BAP No. 06-1180)("Lin"), and the other issued on October 5, 2007, in Law v. Siegel (In re Law), 2007 WL 7545164 (9th Cir. BAP 2007)(BAP No. CC-07-1127)("Law I"). He claims that in both of these dispositions, we reversed the Surcharge Order. The Debtor contends that paying the Trustee Attorney its fees before his homestead exemption, which has "priority" over the Trustee Attorney's fees, would contravene these prior dispositions.

The Debtor is correct that in both dispositions, we reversed bankruptcy court rulings with respect to the surcharge of his homestead exemption. In Lin, we determined that no extraordinary circumstances were shown to justify an equitable surcharge of the Debtor's entire homestead exemption, as required under then-current Ninth Circuit case law. Lin, 2006 WL 6810960 at *8. However, we also stated in Lin that "[w]e express no opinion whether specific instances of mischief by the [Debtor] in the past might support further monetary sanctions in the future, including a surcharge against his exemption." Id. at *8 (emphasis added).

In Law I, we dealt with the Debtor's motion for an order

---

[7] ...continue
contends that the Trustee failed to follow the requirements under § 330(a) and Local Rule 2016-1. The Debtor then accuses the Trustee and the Trustee Attorney of "conspiring" together to take bankruptcy estate funds. However, we conclude the Debtor's challenge to the Trustee's fees is moot, as the Trustee has decided to forgo fees as indicated in the Amended Final Report.

23

directing the Trustee to pay him his claimed homestead exemption ("Homestead Payment Motion"). The bankruptcy court had denied the Homestead Payment Motion because it concluded that a pending appeal of the Surcharge Order before the Ninth Circuit divested it of jurisdiction. Law I, 2007 WL 7545164 at *3. We determined that because the Trustee failed to challenge the validity of the Debtor's claimed homestead exemption, the Debtor's right to the homestead exemption became final. Id. at *4. Because the Debtor's claimed homestead exemption was final, we concluded that the bankruptcy court had authority to act on the Homestead Payment Motion and to issue an appropriate order, notwithstanding the appeal of the Surcharge Order. Id. We therefore reversed and remanded to the bankruptcy court for further proceedings and to issue an appropriate order under the circumstances of the case. Id. But we further noted that "the trustee may renew his motion to surcharge the [Debtor's] claimed homestead exemption, as long as appropriate factual and legal bases exist to justify such a surcharge . . . ." Id.

The Debtor seems to believe that these two prior dispositions directed the Trustee to pay him the homestead exemption. But we gave no such directive in our dispositions. We reversed the bankruptcy court's first ruling in Lin on the ground that surcharging the Debtor's entire homestead exemption was unwarranted under Ninth Circuit authority at that time. We reversed and remanded the bankruptcy court's ruling in Law I on the ground that the bankruptcy court had jurisdiction to make a determination as to whether the Trustee should pay the Debtor his homestead exemption. Neither Lin nor Law I required payment of

24

the Debtor's homestead exemption to him.

The landscape of homestead exemption law has changed since we issued Law and Lin; of course, we now recognize that the Supreme Court has overruled prior Ninth Circuit and BAP precedent. Still, the Debtor's reading of Law and Lin is incorrect.

### 3. Debtor's Homestead Exemption

The Debtor echoes the Supreme Court's reasoning by arguing that his homestead exemption should not be surcharged to pay the Trustee Attorney's fees. He demands that, in light of the Supreme Court's ruling, the Trustee Attorney should disgorge its fees to pay his homestead exemption.

Reviewing the bankruptcy case docket, we have discovered that no arrangements have been made subsequent to the Supreme Court's decision, to pay the Debtor his homestead exemption. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1988)(taking judicial notice of underlying bankruptcy records); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003)(citing E.R. Fegert, Inc., 887 F.2d at 957-58, for this same point)). We note that, in the past, the Debtor unsuccessfully has sought payment of his homestead exemption three times; on February 5, 2007, October 11, 2007, and April 10, 2008, the Debtor filed motions for orders requiring the Trustee to pay the Debtor his homestead exemption, which were denied by the bankruptcy court. See docket nos. 193, 204, 225, 239, 259, 325 and 338.

We do not question that the Debtor is entitled to homestead exemption funds. Under California law, once a Debtor is allowed

25

his claimed homestead exemption, a property right to $75,000 of the proceeds of the sale of his home revests in the Debtor and is no longer part of the bankruptcy estate. Schwaber v. Reed (In re Reed), 940 F.2d 1317, 1321 (9th Cir. 1991)(citing Cal. Civ. Proc. Code §§ 704.720 and 704.730). As we reasoned in Law I, an unopposed homestead exemption claim is analogous to a judgment. Law I, 2007 WL 7545164 at *3. "In the absence of an order granting an extension of time, once the period to object to a claimed exemption expires, a party-in-interest is time-barred from challenging the validity of the exemption claim, and the property claimed as exempt is exempt." Id. "Similar to an unstayed judgment, an unopposed homestead exemption claim stands final." Id. As we noted in Law I, the Debtor's homestead exemption is final because no party in interest challenged its validity.

But the Debtor cannot use this appeal of the Amended Fee Order to obtain payment on his homestead exemption claim. The issue before us involves only a determination as to whether the bankruptcy court erred in approving the Amended Final Report.

Among the criteria the bankruptcy court must consider in determining the amount of reasonable compensation to be awarded a trustee's attorney, see § 330(a)(3)(A)-(E), it must look to whether the services were necessary to the administration of or beneficial toward the completion of a bankruptcy case. See Stasz v. Gonzalez (In re Stasz), 2011 WL 6934442 at *4 (9th Cir. BAP 2011). The trustee bears the burden of establishing entitlement to fees requested from the estate. Id.

The Debtor did not oppose the Final Attorney Fee

26

Application. He also did not oppose timely the Amended Final Report. The Debtor further did not submit any evidence showing that the services of the Trustee Attorney did not benefit the estate or were unnecessary to its administration. (In fact, through numerous actions over a lengthy period of time, the Debtor hindered the administration of the estate, generating much work for the Trustee Attorney.) Based on the record before us, we cannot conclude that the bankruptcy court abused its discretion in approving the Amended Final Report.

We point out that the bankruptcy court acknowledged that if the Debtor prevailed before the Supreme Court, he would be entitled to more than $25,000 (i.e., his claimed homestead exemption). It further acknowledged that it may need to order parties who received distributions of bankruptcy estate funds to disgorge them to cover the Debtor's homestead exemption. The Debtor therefore must return to the bankruptcy court and seek relief there in further proceedings, as contemplated by the Supreme Court. This appeal is not the appropriate vehicle for such relief.

**CONCLUSION**

Based on the foregoing, we AFFIRM.

27