**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 15-2326
_____

UNITED STATES OF AMERICA

v.

JOSEPH RAGNOLI,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 2-05-cr-00375-3)
District Judge: The Honorable Juan R. Sánchez
_____

Submitted Under Third Circuit LAR 34.1(a)
April 5, 2016

Before: AMBRO and KRAUSE, *Circuit Judges*, and THOMPSON,[*] *District Judge*

(Opinion Filed: April 15, 2016)

_____

OPINION [**]
_____

THOMPSON, *District Judge.*

_____

[*] The Honorable Anne E. Thompson, District Judge for the United States District Court for the District of New Jersey, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joseph Ragnoli ("Ragnoli") appeals the May 7, 2015 letter communication of the United States District Court for the Eastern District of Pennsylvania stating that Ragnoli's 60-month term of confinement is to run consecutive to his state court term of imprisonment. For the reasons that follow, we conclude that we lack jurisdiction to consider Ragnoli's appeal.

## I. BACKGROUND

On April 29, 2005, law enforcement agents searched Ragnoli's home pursuant to a search warrant and found over two kilograms of methamphetamine. On August 12, 2005, Ragnoli pled guilty to one count of possession of methamphetamine with intent to distribute, and one count of conspiracy to distribute methamphetamine. The District Court sentenced him to 84 months' imprisonment and 10 years of supervised release. After serving his term of imprisonment, Ragnoli was released and began serving his term of supervised release on January 26, 2011.

Three months later, the Pennsylvania State Police learned Ragnoli was engaging in multiple methamphetamine transactions via wiretaps that were part of a larger methamphetamine trafficking investigation. Ragnoli was arrested on November 27, 2012. On January 30, 2013, Ragnoli and 27 other individuals were charged with multiple offenses related to the distribution of methamphetamine.

On April 25, 2013, while Ragnoli was in state custody on his pending state charges, he was brought before the District Court pursuant to a writ of habeas corpus ad prosequendum for violating his supervised release. Ragnoli stipulated that he had violated his supervised release and was sentenced to the maximum statutory penalty of 60

2

months' imprisonment. The Court did not specify if the 60-month term was to run consecutively or concurrently with the sentence that would be imposed in Ragnoli's pending state case, nor did Ragnoli's counsel raise the issue. Ragnoli did not appeal the District Court's judgment. He was immediately returned to state custody, and the federal judgment was filed as a detainer.

On May 30, 2013, Ragnoli pled guilty to two of his pending state charges. He was sentenced to 24 to 48 months' incarceration, which the State Court ordered "to be served concurrent and coterminous to the Federal Sentence he is currently serving." App. 73. Ragnoli served his state sentence, and was released to federal custody on December 3, 2014.

In a letter dated March 26, 2015, Jose A. Santana, the Bureau of Prisons ("BOP") Regional Inmate Systems Administrator, sent a letter to the District Court regarding Ragnoli. App. 79. The letter explained that Ragnoli had requested that the BOP run his federal sentence concurrently with his state sentence. The BOP could accomplish this by retroactively designating the state prison as the institution for service of Ragnoli's federal sentence. This retroactive designation would reduce the total amount of time Ragnoli spent in custody, as the State Court had ordered. The letter indicated that it is the BOP's "preference" to obtain the federal sentencing court's position on any such retroactive designations, but that the BOP would make its own decision if it had not heard back from the District Court within 60 days. If the District Court stated its position within 60 days, the BOP would designate Ragnoli's place of imprisonment according to the District Court's position.

3

On May 7, 2015, the District Court held a conference call with counsel for the government, Ragnoli's counsel, and a probation officer. Ragnoli was not present on the call, and no one objected to his absence. Later that day, the District Court issued a letter that read:

> Joseph Ragnoli's sentence by this Court on April 25, 2013, to a 60-month term of confinement for violation of his supervised release is to run consecutive with his state term of imprisonment. *See* U.S.S.G. § 7B1.3, comment. Nn. 3, 4.

App. 58. Once Ragnoli learned of the District Court's letter, he filed an appeal, which is presently before us.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction over Ragnoli's sentencing pursuant to 18 § U.S.C. 3231. We exercise plenary review over the question of whether we have jurisdiction to consider Ragnoli's appeal. *In re Blatstein*, 192 F.3d 88, 94 (3d Cir. 1999).

## III. DISCUSSION

Ragnoli contends that the District Court's May 7, 2015 letter impermissibly modified his sentence outside of his presence. *See* Fed. R. Crim. P. 35 (permitting sentencing courts to modify sentences under specific circumstances not present in this case); Fed. R. Crim. P. 43(a)(3) (requiring defendant's presence at sentencing). The government argues that the May 7, 2015 letter was not a court order, but merely an advisory letter to the BOP, and therefore cannot form the basis for an appeal before this Court. The government does not argue that Ragnoli's appeal of the letter was untimely;

therefore this issue is waived. *United States v. Muhammud*, 701 F.3d 109, 111 (3d Cir. 2012) (stating that the time limits under Fed. R. App. P. 4(b) are waived if the government does not invoke them).

Ragnoli's arguments depend upon a finding that the May 7, 2015 letter was an appealable court order. However, when the District Court wrote the letter, it lacked the authority to issue an order modifying Ragnoli's sentence. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (observing that federal courts generally are not able to modify sentences at a later date); 18 U.S.C. § 3582(c) (listing the exceptional circumstances when a court may modify a sentence at a later date, none of which are applicable here). In May 2015, approximately two years after the District Court had sentenced Ragnoli, only the BOP had the authority to credit Ragnoli for his time in state custody by retroactively designating his state institution for service of his federal sentence.[1] *See Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990); 18 U.S.C § 3621(b) (granting the BOP authority to "designate the place of the prisoner's imprisonment.").

Since the District Court had no authority to modify its earlier sentencing order, and the BOP had independent authority to decide whether to credit Ragnoli for his time in state custody, the District Court's letter was only a non-binding recommendation to the BOP, not an appealable order. This reasoning is in accord with our own case law, and the law of multiple other circuits. *United States v. Serafini*, 233 F.3d 758, 778 (3d Cir. 2000) (holding that the portion of a district court's order that included a specific place of

---

[1] The District Court could have ordered Ragnoli's sentence to run consecutively or concurrently with his anticipated state sentence at Ragnoli's 2013 sentencing hearing. *Setser v. United States*, 132 S. Ct. 1463, 1468 (2012).

imprisonment was only a non-binding recommendation to the BOP, and therefore not appealable); *United States v. Ceballos*, 671 F.3d 852, 856 (9th Cir. 2011) (holding that district courts' non-binding recommendations to the BOP are not appealable); *United States v. Kerr*, 472 F.3d 517, 520 (8th Cir. 2006) (holding that a "non-binding recommendation to the BOP is not reviewable as it is not a final decision of the district court"); *United States v. Melendez*, 279 F.3d 16, 18 (1st Cir. 2002) (holding that non-binding recommendations to the BOP are not reviewable orders); *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) (holding that a district court's recommendation that the BOP not credit the defendant for his time in state custody was not appealable because the district court's recommendation was not binding on the BOP).

Since the District Court's letter was not an appealable order, we lack jurisdiction over Ragnoli's appeal. 28 U.S.C. § 1291 (limiting our jurisdiction to appeals of "final decisions" from lower courts, except when direct review may be had before the Supreme Court). However, there is an avenue for Ragnoli to appeal the BOP's decision. The BOP Administrative Remedy Program, 28 C.F.R. § 542.10 *et seq.*, sets forth a formal review process that Ragnoli can pursue in challenging the BOP's decision. Ragnoli has not yet utilized this process. Ragnoli must exhaust his administrative remedies before seeking judicial review, which he may seek thereafter by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, if his administrative appeal is unsuccessful. *Setser*, 132 S. Ct. at 1473; *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). We express no view as to whether those proceedings would be successful.

**IV. CONCLUSION**

When "we determine that we do not have jurisdiction over this appeal, our 'only function remaining [will be] that of announcing the fact and dismissing the cause.'" *Elliott v. Archdiocese of New York*, 682 F.3d 213, 219 (3d Cir. 2012) (alteration in original) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Therefore, this case will be dismissed for lack of jurisdiction.