[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17353
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20522-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAVORIS F. MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 15, 2017)

Before WILSON, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Lavoris F. Martin, a federal prisoner, appeals the district court's denial of his motion requesting a judicial recommendation to the Bureau of Prisons ("BOP") for placement in a residential re-entry center ("RRC") 12 months prior to the end of his sentence. We dismiss Martin's appeal because the denial of a request for a judicial recommendation is not a final order subject to appellate review. Moreover, the relief requested, if granted, would violate the prohibition on federal courts issuing non-binding advisory opinions.

Martin pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. He was sentenced to 60 months' imprisonment, followed by a 4-year term of supervised release. Several years later, he filed a *pro se* motion requesting that the district judge who sentenced him recommended that the BOP place him in an RRC 12 months prior to the end of his sentence. He contended that a prolonged placement at an RRC would help aid his re-integration into society.

Our appellate jurisdiction is limited to reviewing "final decisions" of district courts. 28 U.S.C. § 1291. "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the BOP . . . to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b)(5). Although we have not yet addressed our jurisdiction to

2

review a district court's refusal to issue a non-binding recommendation to the BOP, other circuits have held that such non-binding recommendations are not "final decisions" and, therefore, are not reviewable on appeal.  *See United States v. Melendez*, 279 F.3d 16, 18 (1st Cir. 2002) (recommendation denied) (holding that no jurisdiction existed to review the refusal to recommend that the BOP admit the defendant to a drug-treatment program because such a recommendation is non-binding); *United States v. Yousef*, 327 F.3d 56, 165 (2d Cir. 2003) (recommendation issued) (holding that such recommendations are neither "final decisions" under 28 U.S.C. § 1291 nor "final sentence[s]" under 18 U.S.C. § 3742); *United States v. Serafini*, 233 F.3d 758, 777 (3d Cir. 2000) (recommendation issued) (holding that a district court's recommendation that the BOP place a defendant in "community confinement" in a county residential center was not a "final order" subject to review); *United States v. De La Pena-Juarez*, 214 F.3d 594, 601 (5th Cir. 2000) (recommendation issued) (holding that such a recommendation "is not an order from which [a defendant] may appeal"); *United States v. Kerr*, 472 F.3d 517, 520 (8th Cir. 2006) (recommendation issued) (holding that a recommendation to the BOP is "not reviewable as it is not a decision of the district court"); *United States v. Ceballos*, 671 F.3d 852, 855–56 (9th Cir. 2011) (recommendation denied) (holding that a recommendation to the

3

BOP is "not part of the sentence . . . nor . . . a final order from which an appeal lies").

We are persuaded by the other circuits that have addressed the issue and hold that a district court's denial of a recommendation to the BOP is not a final order subject to appellate review.  Accordingly, we dismiss Martin's appeal for lack of jurisdiction.

**DISMISSED.**