**UNITED STATES of America,**
**Appellant,**

v.

**Louis Tom DRAGNA, Appellee.**

No. 83–5275.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 1984.

Decided May 29, 1984.

As Amended July 5, 1984.

John F. De Pue, Dept. of Justice, Washington, D.C., for appellant.

Howard Weitzman, Los Angeles, Cal., for appellee.

Before GOODWIN, SNEED and ALARCON, Circuit Judges.

458

PER CURIAM.

Dragna was convicted in a jury trial of racketeering activities in violation of 18 U.S.C. § 1962(c) and (d) and sentenced to two concurrent two-year terms on each count and fined $50,000. This court affirmed the conviction. *United States v. Brooklier,* 685 F.2d 1208 (9th Cir.1982).

After the Supreme Court denied certiorari, 102 S.Ct. 1195 (1983), the defendant filed a motion for reduction of sentence under Fed.R.Crim.P. 35(b). The district court reduced the sentence to two consecutive six month confinements in a community treatment center and two years suspended sentence, retaining the fine.

▮ Review of the transcript from the sentence reduction hearings indicates that the district judge attempted to use his power under Rule 35 to assure that the defendant would not be placed in a custodial facility selected by the Bureau of Prisons in keeping with its internal regulation concerning persons convicted of RICO offenses. By attempting to assert authority over the location of confinement, the district court exceeded its jurisdiction under the resentencing statute. While a judge has wide discretion in determining the length and type of sentence, *United States v. Warren,* 610 F.2d 680, 684 (9th Cir.1980), the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government, 18 U.S.C. § 4082(a), and is delegated to the Bureau of Prisons. Because the district court was without jurisdiction to reduce Dragna's sentence as it did, reinstatement of the original sentence is appropriate. *United States v. Schafer,* 726 F.2d 155 (4th Cir.1984).

The district court's judgment is vacated and the case is remanded for reinstatement of the district court's original sentence.