**UNITED STATES of America,**
**Plaintiff–Respondent,**

v.

**Michael Christopher WICKS,**
**Defendant–Petitioner.**

Civ. No. 90–1155–FR.
Crim. No. 86–94–FR.

United States District Court,
D. Oregon.

Jan. 23, 1991.

Charles H. Turner, U.S. Atty., Frank Noonan, Asst. U.S. Atty., Portland, Or., for plaintiff-respondent.

Steven T. Wax, Federal Defender, Stephen R. Sady, Asst. Federal Defender, Portland, Or., for defendant-petitioner.

## OPINION

FRYE, District Judge:

The matter before the court is the motion of defendant-petitioner, Michael Christopher Wicks, who filed this action pursuant

to 28 U.S.C. §§ 2241 and 2255 seeking an order requiring the Bureau of Prisons to transfer him to the Oregon State Penitentiary for the remainder of his federal sentence or to release him.

## BACKGROUND

On May 13, 1986, the grand jury returned an indictment charging Wicks with a violation of the Armed Career Criminal Act. Wicks and the government entered into extended plea negotiations. The primary concern of the parties was the impaired mental condition of Wicks.

On January 23, 1987, counsel for Wicks sent a letter to counsel for the government stating, in part, as follows:

This letter is to confirm the terms of the plea agreement in the above case. Mr. Wicks will enter a conditional plea of guilty to the indictment.... The government will agree ... to a recommendation that the Court impose the statutory minimum sentence of fifteen years incarceration.... The plea is further conditioned upon the outcome of the negotiations that have occurred through the U.S. Attorney's office, the Bureau of Prisons, and the Oregon State Penitentiary for an arrangement whereby Mr. Wicks will be permitted to serve his federal sentence at the Oregon State Penitentiary.

Exhibit C to Motion for Habeas Corpus Relief.

On January 17, 1987, Wicks entered a plea of guilty. At the time he entered the plea of guilty, counsel for the government stated, in part, as follows:

I would like to clarify one matter and I think Mr. Sady [counsel for Wicks] will agree with [me]. I think everything that is set forth is accurate. I appreciate the Court's patience with us in working this matter out.

I spoke just this morning with Mr. Bailey of the Bureau of Prisons who advised me he did not see any problem with what we call the prisoners swap arrangement but that it was not cast in stone but he didn't see any problem and he believe[s] it will happen.

As to Mr. Sady's side of the case has been complicated further a little bit by the fact that Mr. Wicks now is in federal custody and he has now been paroled by the Oregon State Penitentiary. There will be a, what Mr. Sady refers to as a hiatus period of time between now and the time the Bureau of Prisons designates OSP, which they will do as soon as the prisoners swap arrangement has been completed. I don't know and I can't tell Your Honor precisely how long it will take. I am hoping it will be handled as expeditiously as possible.

This plea as set forth in the plea agreement as you can see, is a conditional plea, conditioned on those negotiations being successful and the prisoner swap being successful and OSP being designated.

Transcript, pp. 16–17.

The commitment portion of the judgment order signed by the court contains the following statement: "... that pursuant to the plea agreement, the defendant be confined at the Oregon State Penitentiary for the entirety of his federal sentence." Wicks was thereafter confined at the Oregon State Penitentiary.

On October 29, 1990, Wicks advised his counsel that he had been removed from the Oregon State Penitentiary. Counsel for Wicks contacted officials from the Bureau of Prisons and was told that the Bureau of Prisons had moved Wicks to the Federal Correctional Institution at Sheridan, Oregon (FCI Sheridan) because it was less expensive than housing him at the Oregon State Penitentiary and because the case was easier to manage administratively.

Wicks contends that the Bureau of Prisons agreed to permit him to serve his federal sentence at the Oregon State Penitentiary, and based upon this agreement, he entered a plea of guilty, and therefore the Bureau of Prisons cannot now renege on its promise. Wicks asks this court 1) to enter an order summarily granting his petition for habeas corpus relief or, in the alternative; 2) to order the Bureau of Prisons to permit him to serve the remainder of

his federal sentence at the Oregon State Penitentiary.

The government recognizes its obligation to fully comply with the terms of a plea agreement. However, the government explains that the Bureau of Prisons transferred Wicks to FCI Sheridan without prior consultation or permission of the United States Attorney's Office. The government points out that decisions relating to the confinement of prisoners serving federal sentences is a matter within the discretion of the Bureau of Prisons.

## ANALYSIS AND RULING

The Ninth Circuit has uniformly held that a district court does not have jurisdiction to order a particular place of confinement for a defendant sentenced to prison or to change the place of confinement once the Bureau of Prisons has made a designation. *United States v. Dragna*, 746 F.2d 457 (9th Cir.1984). Therefore, the court concludes that Wicks is not entitled to an order of this court requiring the Bureau of Prisons to transfer Wicks to the Oregon State Penitentiary for the remainder of his federal sentence. However, counsel for the government stated at the time that Wicks entered his plea of guilty that the plea of guilty was conditioned upon the success of the Bureau of Prisons negotiating a "prison swap" with the State of Oregon for the period of Wicks' incarceration. Since the "prison swap" has failed, the court will entertain a motion from Wicks to withdraw his plea of guilty.

## CONCLUSION

The petition of Wicks for a writ of habeas corpus is denied.

## ORDER

IT IS HEREBY ORDERED that the motion of defendant-petitioner for the summary granting of habeas corpus relief or, in the alternative, for a temporary restraining order is DENIED.

## JUDGMENT

Based on the record,

IT IS ORDERED AND ADJUDGED that this action is dismissed.