944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Christopher WICKS, Defendant-Appellant.
 No. 91-30081.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 24, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Christopher Wicks, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. §§ 2241 and 2255 action. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Pursuant to a plea agreement with the government, Wicks pleaded guilty to violating 18 U.S.C. app. § 1202(a)(1) (the Armed Career Criminal Act) (repealed 1986). As part of the plea agreement, the government agreed to negotiate with the Bureau of Prisons to house Wicks at the Oregon State Penitentiary ("OSP") for the entirety of his federal sentence.
 
 
 4
 On January 27, 1987, pursuant to the plea agreement, the district court sentenced Wicks to 15 years imprisonment and recommended that he be confined at OSP for the entirety of his federal sentence. Although Wicks initially was confined at OSP, in October 1990, the Bureaus of Prisons transferred Wicks from OSP to the Federal Correctional Institution at Sheridan, Oregon.
 
 II
 
 5
 Wicks contends that (1) the "unilateral breach of the plea agreement by the Bureau of Prisons violates due process and requires the remedy of specific performance," and (2) the district court "erred in determining that no such remedy was available." These contentions lacks merit.
 
 
 6
 "While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served." United States v. Dragna, 746 F.2d 457, 458 (9th Cir.1984) (citation omitted) cert. denied, 469 U.S. 1211 (1985). "Authority to determine place of confinement resides in the executive branch of government, 18 U.S.C. § 4082(a), and is delegated to the Bureau of Prisons." Id.
 
 
 7
 Even if the plea agreement was breached, the district court lacked jurisdiction to order the Bureau of Prisons to transfer Wicks to OSP for the remainder of his federal sentence.[1] See id. Accordingly, the district court properly denied Wick's motion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In its opinion denying the motion, the district court found that the government had violated the terms of the plea agreement. Therefore, the court provided Wicks with the opportunity to file a motion to withdraw guilty plea. In addition, in its opening brief, the government has indicated that it is continuing its effort to have Wicks transferred back to OSP