PER CURIAM.
The government appeals the sentence imposed by the district court upon Defendant’s plea of guilty to a single violation of 18 U.S.C. § 1349. In a written plea agreement (“Plea Agreement”), Defendant and the government agreed that “a sentence that includes an 18-month term of imprisonment is the appropriate disposition of this case.” The district court accepted the agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and after considering the factors set forth in 18 U.S.C. § 3553(a), sentenced Defendant to “a total term of 18 months imprisonment,” consisting of three months in prison followed by fifteen months in a halfway house as a condition of supervised release. The government now appeals on the basis that the district court breached the Plea Agreement.
By sentencing Defendant to confinement in a federal prison for three months followed by confinement in a halfway house for the next 15 months, for a total of 18 months of confinement, the district court satisfied its obligation under the Plea Agreement. To the extent the phrase “term of imprisonment” is ambiguous as to the type of confinement that should be imposed, the district court properly resolved this ambiguity in favor of its “independent obligation to exercise its discretion” to fashion an appropriate sentence. Freeman v. United States, — U.S. -, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (plurality) (discussing the district court’s “independent obligation to exercise its discretion” to fashion an appropriate sentence); see also 18 U.S.C. §§ 3553, 3582; United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).
Accordingly, there being no error to complain of, the district court’s judgment is AFFIRMED.