# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

OSCAR CEBALLOS, AKA Chuco,
            *Defendant-Appellant.*

No. 09-50502

D.C. No.
2:09-cr-00094-R-1

OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted October 14, 2011*
Pasadena, California

Filed November 7, 2011

Before: Barry G. Silverman and Kim McLane Wardlaw,
Circuit Judges, and William K. Sessions III,
District Judge.**

Per Curiam Opinion

---

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable William K. Sessions III, District Judge, United States District Court for the District of Vermont, sitting by designation.

## COUNSEL

Michelle D. Anderson, Burlington, Vermont, for the defendant-appellant.

André Birotte, Jr., United States Attorney, Robert E. Dugdale and Scott M. Garringer, Assistant United States Attorneys, Los Angeles, California, for the plaintiff-appellee.

## OPINION

PER CURIAM:

Oscar Ceballos pleaded guilty to one count of conspiracy to distribute methamphetamine. He requested that the district court recommend a Southern California housing designation to the Bureau of Prisons. At the sentencing hearing, neither the district court nor counsel addressed this request. Eight days later, Ceballos and the government filed a joint stipulation asking the court to revise the Judgment and Commitment Order to include the designation recommendation. The district court denied the request. Ceballos appeals, asserting jurisdiction under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742. Because we lack jurisdiction to review a district court's nonbinding housing recommendation, we dismiss the appeal.

## I.    BACKGROUND

Oscar Ceballos entered a plea agreement to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). Ceballos and the government agreed that he was a career offender and that 188 months was the low end of the Guidelines range. In his sentencing memorandum, Ceballos requested that the district court recommend a Southern California housing designation to the Bureau of Prisons. *See* 18 U.S.C. § 3621(b). On September 28, 2009, the district court sentenced Ceballos to 188 months imprisonment. The district court did not address the request for a designation recommendation, and Ceballos failed to object. The Judgment and Commitment Order was filed that same day.

On October 6, 2009, Ceballos and the government filed a joint stipulation and proposed order asking the district court to revise the Judgment and Commitment Order to add a recommendation to the Bureau of Prisons that Ceballos serve his sentence at a facility in Southern California. According to the stipulation:

> Mr. Ceballos was born and raised in Southern California and his parents, his siblings and his children live here. Mr. Ceballos hopes to serve his sentence in a facility near his family support network. His family likewise hopes to see Mr. Ceballos as often as possible and cannot afford to travel long distances to see him during his incarceration. Accordingly, the parties stipulate that the Judgment and Commitment Order be revised to include a recommendation by the Court to the Bureau of Prisons that Mr. Caballos [sic] serve his prison sentence at a facility in Southern California. All other terms shall remain in full force and effect.

The district court denied the stipulation, writing by hand on the proposed order: "Denied. It is the Bureau of Prisons'

responsibility for the housing of prison inmates. Mr. Ceballos should request his housing from the Bureau of Prisons." This appeal ensued.

## II.   DISCUSSION

### 1.   The District Court Lacked Authority to Amend the Judgment.

**[1]** "[A] district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate . . . or from Federal Rule of Criminal Procedure 35." *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997) (citation omitted); *see United States v. Caterino*, 29 F.3d 1390, 1394 (9th Cir. 1994) ("The authority to change a sentence must derive from some federal statutory authority."); *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (same).

**[2]** Ceballos offers no legal support authorizing the district court to amend a judgment and commitment order eight days after it was entered. Under Rule 35, a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days of imposing the sentence. Fed. R. Crim. P. 35(a). No such error was made here. Similarly, there was no government motion to amend for substantial assistance. *See* Fed. R. Crim. P. 35(b). Nor was there a basis to amend due to a clerical error under Federal Rule of Criminal Procedure 36. *See United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) ("Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing.") (emphasis in original).

**[3]** Because the district court had no authority to amend the sentence after entry of the judgment and commitment order, its refusal to do so was not an error.[1]

---

[1]We also reject the claim that the district court misunderstood its authority to make a housing recommendation to the Bureau of Prisons.

### 2.  We Lack Jurisdiction Over This Appeal.

**[4]** The Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."); *Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir. 2008) ("Under 18 U.S.C. § 3621(b), the BOP has authority to designate the place of an inmate's imprisonment."). In making those designation decisions, the BOP is required to consider, among other things:

> (4) any statement by the court that imposed the sentence—
>
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> > (B) recommending a type of correctional facility as appropriate.

18 U.S.C. § 3621(b). Section 3621(b) thus gives non-binding weight to recommendations made by the sentencing court. "While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons." *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984) (per curiam) (citations omitted); *see also United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995) (same).

---

The district court's handwritten denial of the stipulation correctly explains that the Bureau of Prisons is responsible for making housing designations. *See* 18 U.S.C. § 3621(b).

**[5]** Our circuit has not addressed the question of whether an appeal lies from a district court's exercise of its discretion to recommend or to refuse to recommend a housing designation in a precedential opinion. However, several other circuit courts have addressed district court recommendations to the Bureau of Prisons, and have concluded that they are non-reviewable. The Second Circuit's decision in *United States v. Pineyro*, 112 F.3d 43 (2d Cir. 1997) (per curiam), is instructive. There a prisoner appealed a district court's "non-binding recommendation that BOP not credit [him] with the time he spent in state custody." *Id.* at 45. The Second Circuit Court of Appeals analogized this recommendation to a housing recommendation under the statute at issue here, 18 U.S.C. § 3621(b), and reasoned that the district court did not have any power to control the Bureau of Prison's decisions or actions in either situation. *Id.* The court thus dismissed the appeal for lack of jurisdiction, because "[t]he non-binding recommendation does not fit within the class of final orders appealable either under 28 U.S.C. § 1291 (final decisions of district courts) or 18 U.S.C. § 3742 (final sentencing orders)." *Id.*

Every other circuit that has confronted this issue has reached a similar conclusion—a recommendation to the Bureau of Prisons is not part of a sentence and cannot be appealed. *See United States v. Kerr*, 472 F.3d 517, 520 (8th Cir. 2006) ("[A] non-binding recommendation to the BOP is not reviewable as it is not a final decision of the district court."); *United States v. Yousef*, 327 F.3d 56, 165 (2d Cir. 2003) ("Because these recommendations are not binding on the Bureau of Prisons, they are neither appealable as 'final decisions' under 28 U.S.C. § 1291 nor as a 'final sentence' under 18 U.S.C. § 3742."); *United States v. Melendez*, 279 F.3d 16, 18 (1st Cir. 2002) (same); *United States v. Serafini*, 233 F.3d 758, 778 (3d Cir. 2000) (same); *United States v. De La Pena-Juarez*, 214 F.3d 594, 601 (5th Cir. 2000) (same).

**[6]** The reasoning of the other circuit courts on this issue is sound. We join them in concluding that a district court's recommendation to the Bureau of Prisons is just that—a recommendation. It is not part of the sentence imposed by the district court, nor is it a final order from which an appeal lies. *See* 28 U.S.C. § 1291, 18 U.S.C. § 3742. Accordingly, we lack jurisdiction.[2]

## III.   CONCLUSION

For the foregoing reasons, this appeal is **DISMISSED**.

---

[2]We note that this holding does not deprive district courts of the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time—including but not limited to—during the sentencing colloquy.