**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50291 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-01929-L-1 |
| v. | |
| ISAI JOSE SAAIB, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Submitted October 9, 2014[**]
Pasadena, California

Before: HAWKINS and GRABER, Circuit Judges, and SEDWICK,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

Isai Jose Saaib ("Saaib") appeals his conviction and sentence for bringing in illegal aliens for financial gain and bringing in illegal aliens without presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) & (iii).

"As a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal," and neither of the "extraordinary exceptions" to that rule applies here. *United States v. Labrada-Bustamante*, 428 F.3d 1252, 1260 (9th Cir. 2005) (internal quotation marks and brackets omitted).

There was no abuse of discretion in giving Ninth Circuit Model Jury Instruction 3.9, a general instruction on how juries should evaluate witness credibility, rather than Model Instruction 4.9, which governs "Testimony of Witnesses Involving Special Circumstances–Immunity, Benefits, Accomplice, Plea." The district court properly recognized that the material witness—the alien found in Saaib's vehicle—was not an accomplice to the crime who could have been indicted for the same offense as an accessory or principal. *Guam v. Dela Rosa*, 644 F.2d 1257, 1260-61 (9th Cir. 1981) (per curiam). Nor did the district court clearly err by finding there was no evidence the witness had received immunity or benefits in exchange for his testimony.

In any event, the general instruction was legally adequate and advised the jury to consider "the witness' interest in the outcome of the case and any bias or prejudice," and the alien's testimony was not the only strong evidence of guilt. *See United States*

2

*v. Holmes*, 229 F.3d 782, 787-88 (9th Cir. 2000); *see also United States v. Shipsey*, 363 F.3d 962, 968 (9th Cir. 2004) ("Where the instruction actually given was legally sufficient, a defendant cannot successfully contend that declining to use his specific formulation was an abuse of discretion.").[1]

Finally, the district court did not err by concluding it lacked the authority to sentence Saaib to home or community confinement to satisfy a portion of the three-year mandatory minimum sentence of imprisonment under 8 U.S.C. § 1324(a)(2)(B)(ii). Our precedent is clear that "the [district] court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of the government and is delegated to the Bureau of Prisons ["BOP"]." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (internal quotation marks and alteration omitted); *see also* 18 U.S.C. §§ 3621(b), 3624; *Rodriguez v. Smith*, 541 F.3d 1180, 1184–88 (9th Cir. 2008) (recognizing that § 3621(b) gives the BOP authority and discretion to allow inmate to serve all or part of sentence in community confinement). Thus, although the district court may *recommend* that a portion of the mandatory custodial sentence be served in community confinement (as the judge did here), the decision whether and when to

---

[1] Because Saaib does not establish any error at trial, his cumulative error claim necessarily also fails. *United States v. Karterman*, 60 F.3d 576, 579 (9th Cir. 1995).

3

transfer the prisoner remains within the exclusive control of the BOP. *See, e.g., Ceballos*, 671 F.3d at 855-56 & n.2 (while district court may make a non-binding housing recommendation to the BOP, court of appeals lacks jurisdiction to review either the recommendation or the failure to make one).

**AFFIRMED.**