**NOT RECOMMENDED FOR PUBLICATION**
File Name: 15a0788n.06

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Dec 04, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| JAMES E. TOWNSEND | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE:  MERRITT, McKEAGUE, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.**  After pleading guilty to one count of conspiracy to distribute and possess with intent to distribute a kilogram or more of heroin, which carries a 120-month mandatory minimum sentence, James Townsend was sentenced to 57 months' imprisonment pursuant to the Government's § 3553(e) motion.  Townsend appeals, asserting that his sentence is procedurally and substantively unreasonable, and that the district court erred in refusing to consider both the § 3553(a) factors and the possibility of home detention.  We **AFFIRM**.

**I.**

Sometime in 2009, Townsend was introduced to co-defendant Michael Stephens, who was a point of contact in Dayton, Ohio, for a heroin-trafficking organization operated out of Michoacán, Mexico.  Townsend eventually became involved in the conspiracy with Stephens and others to possess and distribute heroin.  In furtherance of the conspiracy, Townsend made drug deliveries, transported couriers, dealt heroin, performed quality-control testing, wired drug

proceeds, and recruited at least two others to wire drug proceeds to Mexico. Townsend was indicted along with fifteen others, including Stephens.

Townsend entered into a plea agreement. In exchange for his plea of guilty to the charge of conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A), the Government agreed to dismiss other counts, not file additional charges arising out of the same set of facts, not seek a 21 U.S.C. § 851 enhancement for Townsend's prior felony drug offense, recommend a reduction in the sentencing Guidelines offense level for acceptance of responsibility, and consider filing a motion for departure based on substantial assistance under U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), and/or Federal Rule of Criminal Procedure 35. Townsend pled guilty as agreed, and the Government later filed a motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) for a downward departure, thus freeing the court to sentence below the mandatory minimum term based on Townsend's substantial assistance. The Government recommended the district court reduce Townsend's Guidelines range by ten percent.

The district court rescheduled sentencing several times following motions by Townsend or status conferences with the parties. At a status conference in January 2014, the district court explained that *United States v. Williams*, 687 F.3d 283 (6th Cir. 2012), created "a problem" because it held that in departing below a mandatory minimum sentence pursuant to the Government's § 3553(e)[1] motion, a district court is limited to consideration of the value of the

---

[1] Section 3553(e) provides:

> **Limited authority to impose a sentence below a statutory minimum**.--Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in

defendant's substantial assistance and cannot properly consider other unrelated factors, including the § 3553(a) factors, even if thought relevant. (R. 880, PID 3343.) Thus, the district court concluded it could not consider factors such as Townsend's post-offense rehabilitation and the special needs of his youngest daughter. The district court noted that Townsend's assistance was "not much" and was "worth less than [the district court's] benchmark, which is 25 percent up or down." (R. 880, PID 3343.) The court explained that in order to arrive at a sentence that it found sufficient but no longer than necessary, as contemplated by § 3553(a), it would have to overvalue the substantial assistance: "If I want to give Mr. Townsend a 12-month sentence, I have to basically give him . . . 70, 80 percent reduction for Substantial Assistance, which is farcical . . . ." (R. 880, PID 3345.) Defense counsel agreed with the district court's understanding of *Williams*. The district court asked that the parties consider alternatives that would allow it to impose a lower sentence and rescheduled sentencing.

Townsend filed a supplemental sentencing memorandum proposing two solutions to the "irreconcilable conflict" that Townsend argued *Williams* created with 18 U.S.C. § 3553(a). (R. 805, PID 2986.) The first was to withdraw Townsend's guilty plea so he could plead guilty to a lesser charge that would allow the district court to consider the § 3553(a) factors. The second alternative was to delay sentencing until at least November 1, 2014, to allow amendments to the drug-quantity tables to take effect and to allow time for the passage of proposed legislation that would reduce the applicable mandatory minimum.

At a subsequent status conference, the Government informed the court that it would not amend the charge against Townsend. Accordingly, the district court rescheduled sentencing to allow for the possibility that new legislation would reduce the applicable mandatory minimum.

---

accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

By the time sentencing took place on December 1, 2014, Townsend had been released on his own recognizance for nearly four years. During that time, Townsend obtained employment at Delphi Automotive systems, where he had been promoted. In addition, he was making child-support payments for his daughter and was assisting in the care of elderly family members. Defense counsel began by summarizing Townsend's post-offense rehabilitation and argued that "to now take Mr. Townsend out of this community after the past three years, give or take, of what has been a law abiding conduct, it is frustrating." (R. 885, PID 3389-90.) Defense counsel stated he had been "thinking out of the box" and that he had contacted probation that day and proposed nine years of house arrest "because this Court could put Mr. Townsend in prison for a day and as a term of supervised release, give him whatever sentence this Court deems appropriate . . . . Cumbersome? Yes. Illegal, well, yes if it is not supervised release, it can't be straight out home detention. It must be as a term of supervised release." (R. 885, PID 3391-92.)

The district court explained that it was in agreement with Townsend regarding the appropriate length of the sentence but was required to impose a sentence "far in excess of that which [it] would have imposed [if it] had [] complete discretion in the matter." (R. 885, PID 3401-02.) Addressing Townsend's suggestion of one day of imprisonment followed by a lengthy term of home detention, the district court responded that "[i]f a sentence of one day imprisonment and nine years of home confinement were legal, . . . this being a Zone D case or sustainable on appeal and not to amount to gross abuse of discretion I might well seriously consider it." (R. 885, PID 3402.)

With a net offense level of 27 and a criminal history category of II, Townsend's Guidelines range would have been 78 to 97 months. But due to the statutory mandatory minimum, the district court correctly determined the Guidelines range to be 120 months. The

district court then granted the Government's substantial assistance motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). Finding that Townsend's assistance "was less than what [the district court] would consider [its] informal base line," the district court nonetheless reduced the net offense level to 24, providing a sentencing range of 57 to 71 months. (R. 885, PID 3409.) Although the district court concluded that it lacked authority to vary downward from that range, it nevertheless analyzed the § 3553(a) factors. The district court explained that Townsend had "rehabilitated himself" and noted his "family ties, responsibilities, the guidance that hopefully he can provide to his two children and the help that he can be to his parents." (R. 885, PID 3409-14.) Based on these factors, the district court concluded that "punishment to a far lesser degree would be sufficient both to promote respect for the law while at the same time not demeaning or trivializing the offense." (R. 885, PID 3409-14.) The district court then sentenced Townsend to imprisonment for a term of 57 months followed by five years of supervised release.

In response to the district court's invitation for objections, defense counsel objected that the sentence was substantively unreasonable. The district court delayed execution of the sentence pending appeal, and this timely appeal followed.

**II.**

Townsend raises three issues on appeal: whether the district court (1) committed plain error by not understanding its authority to impose a 57-month sentence of incarceration that includes periods of imprisonment and home confinement; (2) abused its discretion by imposing a substantively unreasonable sentence; and (3) erred by treating *United States v. Williams*, 687 F.3d 283 (6th Cir. 2012), as binding authority.

"Appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, 552 U.S. 38, 46 (2007). "[C]ourts of appeals must review

all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Id.* at 41. However, when a party fails to object to a procedural error in response to the district court's invitation for objections, we review the claim for plain error. *United States v. Lumbard*, 706 F.3d 716, 720 (6th Cir. 2013). Under the plain error standard, the appellant must show that "(1) there is error; (2) the error was 'clear or obvious rather than subject to reasonable dispute'; (3) it affected the defendant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) it seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Massey*, 663 F.3d 852, 856 (6th Cir. 2011) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

## A.

Townsend contends his sentence is procedurally unreasonable because the district court erroneously concluded that it did not have the authority to impose a sentence of 57 months' incarceration that splits the sentence between periods of imprisonment and home confinement or a halfway house. Because Townsend did not object to this purported procedural error at sentencing, he concedes we limit our review to plain error.

Townsend relies primarily on our unpublished decision in *United States v. Corsmeier*, 432 F. App'x 525 (6th Cir. 2011) (per curiam). In *Corsmeier*, the Government and the defendant entered into a plea agreement stating that the parties agreed "a sentence that includes an 18-month term of imprisonment is the appropriate disposition of this case." *Id.* at 525. The district court accepted the plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) but sentenced the defendant to "'a total term of 18 months imprisonment,' consisting of three months in prison followed by fifteen months in a halfway house as a condition of supervised release."

*Id.* The Government appealed, arguing that the district court breached the binding plea agreement by imposing a lesser term of imprisonment than agreed to by the parties. *Id.* A divided panel summarily affirmed, holding that "[b]y sentencing Defendant to confinement in a federal prison for three months followed by confinement in a halfway house for the next 15 months, for a total of 18 months of confinement, the district court satisfied its obligation under the Plea Agreement." *Id.* The court explained that to the extent the phrase "term of imprisonment" as used in the plea agreement was ambiguous,[2] "the district court properly resolved this ambiguity in favor of its 'independent obligation to exercise its discretion' to fashion an appropriate sentence." *Id.* (quoting *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion)).

The dissenting judge reasoned that Rule 11(c)(1)(C) plea agreements are binding on the sentencing court, and that the sentence breached the agreement because 18 U.S.C. § 3621(a) provides that a "person subject to 'a term of imprisonment' is 'committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior,'" and the judgment placed the defendant in the custody of the Bureau of Prisons (BOP) for only three months, rather than eighteen months as agreed. *Id.* at 525–26 (Kethledge, J., dissenting) (quoting 18 U.S.C. § 3621(a)).

Although Townsend correctly identifies *Corsmeier* as consistent with his argument that the district court erred in concluding it could not split a mandatory term of imprisonment between a BOP facility and home confinement or a halfway house, ultimately his argument is unavailing. Section 3621(a) of Title 18, titled "Imprisonment of a convicted person," provides

---

[2] The defendant in *Corsmeier* argued that the plea agreement contemplated that a portion or even all of the eighteen months could be served in a halfway house, and thus "term of imprisonment" as used in the plea agreement was ambiguous. Appellee Br. 12–13, *United States v. Corsmeier*, No. 11-3506 (6th Cir. June 23, 2011).

that "[a] person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 **shall be committed to the custody of the Bureau of Prisons** until the expiration of the term imposed, or until earlier release for satisfactory behavior pursuant to the provisions of section 3624." (Emphasis added). The BOP, not the court, is responsible for designating the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b). Although a court is free to recommend placement in a community corrections facility, such a recommendation "shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." *Id.*; *see also United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1991) ("While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government . . . and is delegated to the Bureau of Prisons." (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984))). Accordingly, the district court did not err in concluding that it could not split Townsend's mandatory sentence between a BOP facility and home confinement because that decision is solely confided to the BOP. Defense counsel seems to have acknowledged as much when he conceded that the home confinement had to be a condition of supervised release.

*Corsmeier* does not alter this analysis, as it does not purport to authorize district courts to split a term of imprisonment between a BOP facility and home incarceration or a halfway house. *Corsmeier* simply interpreted a specific plea agreement that provided for an eighteen-month term of imprisonment, and suggested that the phrase "term of imprisonment" as used in that plea agreement was ambiguous. *Corsmeier*, 432 F. App'x at 525. On that basis, the panel affirmed the district court's sentence of three months' imprisonment with fifteen months in a halfway house as a special condition of supervised release. *Id.* The majority in *Corsmeier* did not

attempt to reconcile its holding with the dissent's observation that, as used in 18 U.S.C. § 3621(a), "term of imprisonment" requires the person to be committed to BOP custody; rather, it attributed a different meaning to the term as used in the plea agreement. *Id.* at 525–26. Here we deal with a statute and the Guidelines, which have defined meanings. *Corsmeier* is therefore inapposite.

Accordingly, we find no error, plain or otherwise, in the district court's conclusion that it could not impose a 57-month sentence by ordering a few days or a few months to be served in prison and the rest in a halfway house.[3]

**B.**

Next, Townsend argues that his sentence is substantively unreasonable because the district court found that the sentence is longer than necessary to meet the purposes of sentencing and contrary to 18 U.S.C. § 3553(a). Townsend contends that the district court should have reduced his sentence further based on § 3553(a) factors unrelated to his substantial assistance. Although Townsend argues the district court abused its discretion in imposing a substantively unreasonable sentence and we generally review a district court's sentence for reasonableness under a deferential abuse of discretion standard, *United States v. Cochrane*, 702 F.3d 334, 343 (6th Cir. 2012), a district court's determination that it lacks discretion is a question of law we review de novo, *United States v. Truman*, 304 F.3d 586, 589 (6th Cir. 2002).

---

[3]To be clear, the district court was not required to impose any particular sentence. However, having determined that a 57-month sentence properly credited Townsend's substantial assistance, that became the sentence the court was required to impose. Townsend does not challenge the district court's determination that his substantial assistance alone justified a reduction from a 120-month sentence to a 57-month sentence, and "we generally do not review the extent of a downward departure under § 3553(e)." *See Williams*, 687 F.3d at 287 (citing *United States v. Bullard*, 390 F.3d 413, 415 (6th Cir. 2004))).

Townsend's argument that his sentence is substantively unreasonable because it does not reflect the considerations set forth in § 3553(a) is contrary to our decision in *Williams*, 687 F.3d at 287. In *Williams*, the defendant argued that when a mandatory minimum sentence is no longer mandatory, the district court is permitted to consider all the § 3553(a) factors pursuant to the Supreme Court's decision in *Booker*. This court disagreed, explaining that "the remedial holding of *Booker* does not impact the pre-existing limitations embodied in § 3553(e), which specifically limits the authority to go below a mandatory minimum so as to reflect a defendant's substantial assistance." *Id.* (internal quotation marks and citations omitted); *see also United States v. Grant*, 636 F.3d 803, 813–14 (6th Cir. 2011) (en banc) ("We have rejected the notion that factors not related to cooperation may be considered in connection with a § 3553(e) motion."); *United States v. Bullard*, 390 F.3d 413, 416–17 (6th Cir. 2004) ("[A] departure [under section 3553(e)] must be based *solely* upon the substantial assistance rendered by the defendant." (second alteration in original) (internal quotation marks and citation omitted)).

Although Townsend acknowledges our holding in *Williams*, he argues that *Williams* is no longer good law due to subsequent Supreme Court decisions, or alternatively that *Williams* was wrongly decided. "A published prior panel decision 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.'" *ABC Beverage Corp. v. United States*, 756 F.3d 438, 441 (6th Cir. 2014) (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)).

Townsend argues three Supreme Court cases require modification of *Williams* because they clearly state that the sentencing Guidelines are not binding and that a district court must sentence pursuant to 18 U.S.C. § 3553(a): *Peugh v. United States*, 133 S. Ct. 2072 (2013);

*Pepper v. United States*, 562 U.S. 476 (2011); and *Kimbrough v. United States*, 552 U.S. 85 (2007).  These cases, however, do not address sentences imposed pursuant to § 3553(e)'s authorization to depart below an otherwise applicable statutory minimum.  Moreover, *Williams* itself post-dates *Kimbrough* and *Pepper* and specifically rejects the argument that *Pepper* compels a different rule:

> *Pepper,* though, involved a guidelines sentence, not waiver of a statutory minimum, and dealt with re-sentencing, not sentencing in the first instance. At most, it suggests a tendency to allow courts to consider more, rather than less, information when making sentencing decisions.  It certainly does not compel us to ignore clear precedent, from our circuit and others, holding that a district court may not consider factors other than the value of substantial assistance when sentencing below a statutory minimum, pursuant to § 3553(e).

*Williams*, 687 F.3d at 288.

Although *Peugh* post-dates *Williams*, it does not require modification of *Williams*. Townsend relies on the following statement from *Peugh*:  "[T]he Guidelines are no longer binding, and the district court must consider all of the factors set forth in § 3553(a) to guide its discretion at sentencing."  Appellant Br. 16 (quoting *Peugh*, 133 S. Ct. at 2080).  This is, indeed, generally a correct statement; but it does not apply in all situations, and more specifically, it does not apply where Congress has provided for a mandatory minimum sentence.  The *Peugh* Court made this statement in a background section describing the Court's holding in *Booker* in order to frame the issue before the Court.  *Peugh*, 133 S. Ct. at 2080.  In making this statement, the Court was not pronouncing a new rule that § 3553(a) overrides all other provisions.  Further, the issue in *Peugh* was "whether there is an *ex post facto* violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the

offense." 133 S. Ct. at 2078. The Court did not address or even mention a mandatory minimum sentence or a § 3553(e) motion.

## C.

Finally, Townsend argues *Williams* was wrongly decided, but this panel cannot overrule our published decision in *Williams*. *ABC Beverage Corp.*, 756 F.3d at 441; *see also* 6 Cir. R. 32.1(b) ("Published panel opinions are binding on later panels. A published opinion is overruled only by the court en banc.").

For these reasons, we **AFFIRM**.

**MERRITT, Circuit Judge, concurring.** I agree with the court that *United States v. Williams*, 687 F.3d 283 (6th Cir. 2012), binds us to a strict rule in these substantial assistance cases that a defendant's rehabilitation, family circumstances, and the collateral consequences of a sentence on a defendant's minor children may not be taken into account. But the sentencing judge has made it very clear that a 57-month sentence is much longer than necessary to do justice in this case. Under the Guidelines the power to do justice has been removed from judges and vested in the prosecutor, a party to the case, and the prison authorities. No argument is offered in this case that this removal of authority over sentencing from judges violates Article III.

The only solution in this case is administrative. The Department of Justice and the Bureau of Prisons could make an exception in this case and work out a reduced sentence or a halfway house or home-confinement solution. The record bears out the district court's views that it would be a mistake to remove the defendant from his home community, his job, his income, and his parental responsibility for more than a few months. The system's inability to work out a solution of this kind is counter-productive and probably gives rise to increased recidivism. I hope that the executive branch of the government will try to work out a sensible solution to the problem in cases of this kind where the hands of the judicial branch are tied.