**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4014**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Cameron McGowan Currie, Senior District Judge.  (4:96-cr-00312-CMC-2)

Submitted:  March 30, 2018                                  Decided:  May 7, 2018

Before NIEMEYER and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Jill E.M. HaLevi, MEDIATION & LEGAL SERVICES, LLC, Charleston, South Carolina, for Appellant.  Beth Drake, United States Attorney, Jimmie Ewing, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Smith appeals the 120-month sentence imposed after he successfully moved to vacate his original sentence under 28 U.S.C. § 2255 (2012). Smith argues that, at resentencing, the district court did not sufficiently credit him for time served while in state custody, that his new sentence violates the Double Jeopardy Clause, and that the court vindictively imposed the maximum sentence allowed by statute. For the reasons that follow, we affirm in part and dismiss in part.

In 1993, Smith and another person robbed a convenience store in South Carolina, during which the other person shot and killed an employee of the store. Smith pleaded guilty in state court to armed robbery and related charges, and was sentenced to 30 years' imprisonment. Smith also pleaded guilty in federal court to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2012), and was sentenced as an armed career criminal to 360 months' imprisonment.[1] The district court ran the federal sentence concurrently with Smith's 30-year state sentence.[2]

Smith completed his state sentence some time in 2012 or 2013, at which point he was transferred from state to federal custody. In 2016, following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Smith filed a § 2255 motion

---

[1] Smith's sentence consisted of a 402-month term of incarceration, minus a 42-month credit for time spent in state custody.

[2] We affirmed on direct appeal. *United States v. Smith*, No. 97-4482, 1998 WL 230824 (4th Cir. May 11, 1998) (unpublished).

arguing that he no longer qualified as an armed career criminal. The Government agreed, and the district court granted the motion and set a hearing for resentencing.

Without the armed career criminal enhancement, Smith was subject to a maximum term of 120 months' imprisonment. 18 U.S.C. §§ 922(g)(1), 924(a)(2). At resentencing, the district court explained that, had it known at the original sentencing hearing that the statutory maximum would be capped at 120 months, it would have elected to impose the maximum sentence consecutively to Smith's then-undischarged state sentence. The court based this conclusion on the length of its original sentence, which was slated to extend well beyond the duration of the state sentence, and the fact that Smith was not convicted of murder in state court. Accordingly, the district court selected a new sentence of 120 months, but recommended to the Bureau of Prisons (BOP) that Smith receive credit for time served since entering federal custody.

On appeal,[3] Smith claims that the district court did not adequately credit him for time previously served. First, he contends that, because his original sentence was imposed concurrently to his 30-year state sentence, he had already served more than 120 months of federal time by 2007. Thus, according to Smith, he is entitled to immediate release. Smith also asserts that, because he previously served 120 months on his original federal sentence, the district court's decision to impose an additional 120-month term for the same conviction was vindictive and violates the Double Jeopardy Clause.

---

[3] Although Smith's appeal is untimely, the Government has not moved to dismiss, and we discern no basis on which to sua sponte dismiss the appeal as untimely. *See United States v. Oliver*, 878 F.3d 120, 122, 128-29 (4th Cir. 2017).

3

Pursuant to 18 U.S.C. § 3585(b) (2012), the Attorney General, not the district court, is responsible for determining whether an inmate should receive credit for time served prior to commencing a federal term of imprisonment. *United States v. Wilson*, 503 U.S. 329, 334 (1992). In addition, a district court's sentencing recommendation is not binding on the BOP, and thus is neither a final decision under 28 U.S.C. § 1291 (2012), nor a final sentence under 18 U.S.C. § 3742 (2012). *United States v. Yousef*, 327 F.3d 56, 165 (2d Cir. 2003). Thus, because the district court's recommendation to the BOP was "not part of [the] sentence and cannot be appealed," *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011), we dismiss this part of Smith's appeal for lack of jurisdiction.[4]

Next, Smith contends that, at resentencing, the district court vindictively imposed the statutory maximum sentence. "A defendant's right to due process requires that there be no vindictiveness against him for having chosen to exercise his constitutional rights." *United States v. Perry*, 335 F.3d 316, 323 (4th Cir. 2003) (brackets and internal quotation marks omitted). While a presumption of vindictiveness is sometimes warranted, no such presumption applies where the new sentence is shorter than the original sentence. *United States v. Susi*, 674 F.3d 278, 286 (4th Cir. 2012). "If vindictiveness cannot be presumed, the burden remains upon the defendant to prove actual vindictiveness." *United States v. Ventura*, 864 F.3d 301, 310 (4th Cir. 2017) (internal quotation marks omitted).

---

[4] In any event, double jeopardy is not implicated where, as here, a defendant is resentenced after obtaining vacatur of his original sentence. *United States v. Olivares*, 292 F.3d 196, 200 (4th Cir. 2002).

Here, because Smith's 120-month sentence is shorter than his original 360-month sentence, Smith enjoys no presumption of vindictiveness. Nevertheless, Smith argues that the district court provided no reasoned basis for imposing the statutory maximum. On the contrary, the court made clear its intention to fashion a sentence that appropriately punished Smith for the murder underlying his state and federal convictions. Because Smith "offers no evidence to suggest that the district court retaliated against him for exercising his right to" collaterally attack his sentence, he has failed to demonstrate actual vindictiveness. *United States v. Kincaid*, 964 F.2d 325, 328 (4th Cir. 1992).

Accordingly, we affirm Smith's sentence and dismiss for lack of jurisdiction the appeal from the district court's recommendation to the BOP. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*