# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

## No. 18-6913

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY D. HILL, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  W. Earl Britt, Senior District Judge.  (4:13-cr-00028-BR-1)

Submitted:  December 18, 2018                    Decided:  December 27, 2018

Before KING, AGEE, and WYNN, Circuit Judges.

Dismissed in part, vacated and remanded in part by unpublished opinion.

Larry D. Hill, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry D. Hill, Jr., appeals the district court's text order denying various motions. Four of those motions were incorrectly filed in Hill's criminal case, No. 4:13-cr-00028-BR-1, and should have been filed with the court handling Hill's 28 U.S.C. § 2241 (2012) petition, No. 5:18-hc-02024-BO. Specifically, Hill's motion to reconsider the text order denying his request for an evidentiary hearing and appointment of counsel in his § 2241 proceeding, motion to amend the § 2241 petition, motion for bail pending adjudication of the petition, and motion to amend the motion for bail ("§ 2241 motions") were incorrectly docketed. However, the remaining motion, a motion for a judicial recommendation for placement under the Second Chance Act (SCA), 18 U.S.C. § 3624(c) (2012), was correctly filed in the criminal case.

We turn first to the § 2241 motions. During the pendency of this appeal, Hill's § 2241 petition was dismissed. Accordingly, although the motions were misfiled, we cannot provide any effective relief at this juncture. We conclude, therefore, that Hill's appeal from the denial of the § 2241 motions is moot and dismiss for lack of jurisdiction. *See Wicomico Nursing Home v. Padilla*, ___ F.3d ___, ___, Nos. 17-1972/2033, 2018 WL 6378291, at *5 (4th Cir. Dec. 6, 2018) ("A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome" (alteration and internal quotation marks omitted)); *United v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013) ("Mootness is a jurisdictional question and thus may be raised *sua sponte* by a federal court at any stage of proceedings.").

The resolution of Hill's appeal from the denial of his motion for a judicial recommendation is not as clear. We cannot discern from the text order whether the district court denied the motion on the merits or concluded that it was without authority to make a judicial recommendation under the SCA. Understanding the reason for the court's denial of the motion is crucial to determining whether we have authority to review the order. *See United States v. Hackley*, 662 F.3d 671, 686 (4th Cir. 2011) (explaining that we have jurisdiction to review district court's understanding of its authority); *United States v. Ceballos*, 671 F.3d 852, 855-56 (9th Cir. 2011) (collecting cases holding that appellate courts do not have jurisdiction to review district court's recommendation to Bureau of Prisons). Accordingly, we vacate the portion of the text order denying Hill's motion for a judicial recommendation and remand to the district court for an explanation of its decision.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*VACATED AND REMANDED IN PART*