**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RYAN FRANK BONNEAU,

               Petitioner-Appellant,

v.

JOSIAS SALAZAR, Warden,

               Respondent-Appellee.

No.   19-35274

D.C. No. 3:18-cv-00810-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted March 2, 2020
Portland, Oregon

Before:  WOLLMAN,[**] FERNANDEZ, and PAEZ, Circuit Judges.

Ryan Frank Bonneau pleaded guilty to one count of aggravated identity

theft, in violation of 18 U.S.C. § 1028A.  The district court imposed the statutory

mandatory minimum sentence of 24 months' imprisonment, ordering Bonneau to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Roger L. Wollman, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

serve 14 months in prison and 10 months in home confinement. The Bureau of Prisons (BOP) placed Bonneau in home confinement for only the last two months of his sentence. Bonneau is now serving a one-year term of supervised release, having been released from home confinement on May 28, 2019. Bonneau appeals from the denial of his successive habeas petition, which challenged the BOP's administration of his sentence.

As an initial matter, we reject the government's argument that this appeal is moot. Bonneau remains in custody while serving his term of supervised release. "The possibility that the sentencing court would use its discretion to reduce a term of supervised release under 18 U.S.C. § 3583(e)(2) [is] enough to prevent the petition from being moot." *Mujahid v. Daniels*, 413 F.3d 991, 995 (9th Cir. 2005) (internal quotation marks and citation omitted).

Bonneau argues that he is entitled to habeas relief because he was not placed in home confinement for the last 10 months of his sentence, as ordered by the district court. Congress, however, has imposed upon the BOP the duty to "designate the place of the prisoner's imprisonment," 18 U.S.C. § 3621(b), and has authorized it to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months," *id.* § 3624(c)(2). As we said in an earlier disposition in this case, "Notwithstanding the district court's

intention to split his sentence as the judge indicated, federal law forbids the BOP from placing Bonneau in home confinement for more than 2.4 months." *Bonneau v. Salazar*, 754 F. App'x 624, 624 (9th Cir. 2019) (per curiam) (memorandum disposition affirming the denial of Bonneau's motion for a preliminary injunction). We continue to view the district court's order as addressing placement.

Because placement is within the BOP's province—not the district court's—we reject Bonneau's argument that the BOP was required to seek judicial review before placing Bonneau in prison for more than 14 months. We conclude that the BOP did not amend the district court's judgment in administering Bonneau's 24-month sentence, but rather complied with its statutory placement duty and heeded the statutory limitation on its home-confinement authority. *See* 18 U.S.C. § 3621(b); *id.* § 3624(c)(2); *cf. id.* § 3621(b) ("Any order . . . by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."); *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) ("Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons." (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984) (per curiam) (citations

omitted))). Given these statutory commands and limitations, the doctrines of waiver and estoppel do not apply in the circumstances of this case.

Finally, Bonneau was not entitled to appointed counsel before the BOP or in these habeas proceedings. *See Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *cf. United States v. Martinson*, 809 F.2d 1364, 1370 (9th Cir. 1987).

**AFFIRMED.**