**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

AUG 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> RONNIE MORENO, <br><br> Defendant - Appellant. | No. 24-1533 <br><br> D.C. No. 3:16-cr-00032-SLG-KFR-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Court, Presiding

Submitted August 20, 2024[**]

Before:     S.R. THOMAS, RAWLINSON, and COLLINS, Circuit Judges.

Ronnie Moreno appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and motion for a

sentence reduction under 18 U.S.C. § 3582(c)(2).  Pursuant to *Anders v.*

*California*, 386 U.S. 738 (1967), Moreno's counsel has filed a brief, along with a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to withdraw as counsel of record. We have provided Moreno the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no meritorious grounds for relief as to whether the district court abused its discretion in denying the motion for compassionate release, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), or in concluding that the 18 U.S.C. § 3553(a) factors militated against early release under § 3582(c)(2), *see Dillon v. United States*, 560 U.S. 817, 826-27 (2010) (the second step of § 3582(c)(2)'s two-step inquiry requires the district court to determine, in its discretion, whether the applicable § 3553(a) factors support a sentence reduction).

Moreno's pro se motion (Docket Entry No. 16) requesting immediate transfer to a halfway house in Alaska is denied. *See* 18 U.S.C. § 3621(b); *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (the Bureau of Prisons has exclusive authority to determine a prisoner's place of confinement).

Counsel's motion to withdraw is **GRANTED**.

**AFFIRMED.**