[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17353
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20522-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAVORIS F. MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 18, 2017)

Before WILSON, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

We vacate our prior opinion, *United States v. Martin*, No. 16–17353, 2017 WL 3480692 (11th Cir. Aug. 15, 2017), and substitute the following opinion in its place.

Lavoris F. Martin, a federal prisoner, appeals the district court's denial of his motion requesting a judicial recommendation to the Bureau of Prisons (BOP) for placement in a residential re-entry center (RRC) 12 months prior to the end of his sentence. We dismiss Martin's appeal because the denial of a request for a judicial recommendation is not a final order subject to appellate review.

Martin pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. He was sentenced to 60 months' imprisonment, followed by a 4-year term of supervised release. Several years later, he filed a pro se motion requesting that the district judge who sentenced him recommend that the BOP place him in an RRC 12 months prior to the end of his sentence. He contended that a prolonged placement at an RRC would help aid his re-integration into society.

Our appellate jurisdiction is limited to reviewing "final decisions" of district courts. 28 U.S.C. § 1291. "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the [BOP] . . . to determine or change the place of imprisonment of that person."

2

18 U.S.C. § 3621(b)(5).  Although we have not yet addressed our jurisdiction to review a district court's refusal to issue a non-binding recommendation to the BOP, other circuits have held that such non-binding recommendations are not "final decisions" and, therefore, are not reviewable on appeal.  *See United States v. Melendez*, 279 F.3d 16, 18 (1st Cir. 2002) (per curiam) (holding that no jurisdiction existed to review the district court's refusal to recommend that the BOP admit the defendant to a drug-treatment program because such a recommendation is non-binding and "within the sole discretion of the [BOP]"); *United States v. Yousef*, 327 F.3d 56, 165 (2d Cir. 2003) (holding that such recommendations are neither "final decisions" under 28 U.S.C. § 1291 nor "final sentence[s]" under 18 U.S.C. § 3742); *United States v. Serafini*, 233 F.3d 758, 777 (3d Cir. 2000) (holding that a district court's recommendation that the BOP place a defendant in "community confinement" in a county residential center was not a "final order" subject to review); *United States v. De La Pena-Juarez*, 214 F.3d 594, 601 (5th Cir. 2000) (holding that a district court's non-binding recommendation "is not an order from which [a defendant] can appeal"); *United States v. Kerr*, 472 F.3d 517, 520 (8th Cir. 2006) (holding that a non-binding recommendation to the BOP is "not reviewable as it is not a decision of the district court"); *United States v. Ceballos*, 671 F.3d 852, 855–56 (9th Cir. 2011) (per curiam) (holding that a recommendation

3

to the BOP is "not part of the sentence . . . nor . . . a final order from which an appeal lies").

We are persuaded by the other circuits that have addressed this issue and hold that a district court's denial of a non-binding recommendation to the BOP is not a final order subject to appellate review.  Accordingly, we dismiss Martin's appeal for lack of jurisdiction.

**DISMISSED.**