[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17164
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00184-JDW-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL LEE SCHMIDT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 27, 2018)

Before MARCUS, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Michael Lee Schmidt appeals his 36-month sentence for conspiracy to possess with intent to distribute methylone.  On appeal, he asserts (1) that the district court plainly erred at sentencing by using a 500:1 marijuana-to-MDMA conversion ratio to calculate his base offense level, and (2) that he is entitled to credit for time served in State custody after his federal sentencing and time in federal custody pursuant to the writ of habeas corpus *ad prosequendum*.  After careful review, we dismiss Schmidt's appeal.[1]

In a criminal case, a defendant must file a notice of appeal in the district court no later than 14 days after the judgment is entered.  *See* Fed. R. App. P. 4(b)(1)(A).  Although the filing deadline in Rule 4(b) for criminal defendants is not jurisdictional, if the government raises the timeliness issue, we must apply it and dismiss the appeal.  *Lopez*, 562 F.3d at 1311–14.  Schmidt's November 17, 2016 notice of appeal challenging his January 18, 2015 "judgment and sentence" is untimely—by nearly 20 months—and the government has raised the timeliness issue.  Therefore, we must dismiss Schmidt's appeal.

Furthermore, even if we were to liberally construe Schmidt's notice of appeal as designating the district court's October 31, 2016 order declining the Bureau of Prisons' request to make a retroactive designation recommendation as to

---

[1] We review jurisdictional issues and the interpretation of rules of federal procedure *de novo*. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

whether his federal and state sentences should run concurrently,[2] we would lack jurisdiction because that order is not final and appealable.  Our appellate jurisdiction is limited to review of orders that are final or that fall into a specific class of interlocutory orders made appealable by statute or jurisprudential exception.  28 U.S.C. §§ 1291, 1292; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000).  Importantly, this Court recently held that we lack jurisdiction to review a district court's denial of a non-binding recommendation to the BOP because it is not a final order subject to appellate review.  *United States v. Martin*, 877 F.3d 1035, 1036–37 (11th Cir. 2017).  Accordingly, even if we were to construe Schmidt's notice of appeal as designating the October 2016 order, we would lack jurisdiction to consider it.

Finally, "Rule 3(c) requires that a notice of appeal designate an existent judgment or order, not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed."  *Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998).  Therefore, Schmidt's notice of appeal cannot be construed, as he now contends, to appeal the district court's August 3, 2017 order denying his 28 U.S.C. § 2241 petition regarding the BOP's computation of time credited to his sentence because that order was not issued until nearly nine months after Schmidt appealed.

---

[2] Although Schmidt's notice of appeal does not identify the October 31, 2016 order as one being appealed, the notice does attach a copy of that order as an addendum.

3

\* \* \*

For the foregoing reasons, Schmidt's appeal is **DISMISSED.**